UNITED STATES v. HERRMANN.  SAME v. SAKS & CO.  SAME v. LEON RHEIMS CO.

(Circuit Court of Appeals, Second Circuit.  January 17, 1907.)

Nos. 133-135 (3,752, 3,970, 3,753)

CUSTOMS DUTIES,—PRODUCTION OF SAMPLES—EVIDENCE.

In proving the character of imported merchandise, it is not essential that actual samples of the importations should be produced. Such proof may be supplied by witnesses familiar with the goods, testifying from their recollection as to the invoice descriptions.

Appeals from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 145 Fed. 843, reversing decisions of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York.

The merchandise in controversy was found by the court below to be similar to that passed upon previously by the same court in Herrmann v. U. S. (C. C.) 141 Fed. 486, consisting of so-called beaver strips or bands, which were there held dutiable as manufactures of fur, under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 450, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678]. In these appeals the government has not questioned the correctness of that classification, but contends that the evidence on which the court below based its conclusion of similarity of the merchandise to that in the former Herrmann Case, supra, and the assignments of error are limited to this point.

The evidence the sufficiency of which is at issue consisted of testimony of the importers or their employés, who were familar both with the importations in controversy and with their invoice descriptions, and who on examination of the exhibits in said Herrmann Case stated that the goods were similar to such exhibits. Actual samples were not produced, and this evidence was based on the recollection of the witnesses as to the character of the goods represented by the invoice description of the various items, which had been imported two years or more previously. The government urged that, in view of the failure of the importers to produce samples of the goods, and the fact that the testimony of the importers was based on an inspection of the invoices, there was no competent evidence to sustain the conclusion of the Circuit Court.

J. Osgood Nichols, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM.  Decrees affirmed in open court.