## STEIN *v.* UNITED STATES (No. 31).[1]

1. COMMISSIONS PAID APPEARING IN VALUATION ON ENTRY.

   Reaffirming the doctrine of Stein & Co. *v.* United States, *supra*, p.36 (T. D. 31007), that an item in an importer's invoice showing he had paid a commission to a commissionaire had been included there under duress, it is now further held that the figures on entered valuation certified to the appraiser by the collector wherein this payment was included did not constitute an opinion, judgment, and voluntary act of the importer, but something entirely different; the importer has been without a day in court when by a penalty threatened he is compelled to substitute the judgment of another for his own in declaring the value of his goods, and he is irremediably denied a legal right.

[1]Reprinted in T. D. 31525 (20 Treas. Dec., 795).

2. MEMORANDUM SHOWING IMPORTER'S VALUATION.

A memorandum slip attached to each invoice that showed the change the importer had wished to make in the valuation as entered is not such an entry as could be taken to comply with the statute. The importer was entitled to make upon the entry itself his protest against the addition by the collector of commissions paid as a part of the dutiable value.

United States Court of Customs Appeals, April 17, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York
G. A. 6742 (T. D. 28886).

[Reaffirmed.]

*Curie, Smith & Maxwell* (*W. Wickham Smith* of counsel) for appellants.
*D. Frank Lloyd*, Assistant Attorney General (*William A. Robertson* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

Rehearing in the above-entitled case, decision of which was reported in Court of Customs Appeals, *supra*, p. 36 (T. D. 31007), reference to which is here had for discussion of the issues other than those urged upon the reargument.

The causes involve commissions paid upon Bradford goods and whether or not they constitute dutiable items in the particular cases. Eliminating those portions of the briefs for the Government which discuss a condition of facts not found within this record, the relevant points made in the petition for rehearing, the briefs, and upon the argument are two. First, it is contended that the court made error in directing liquidation upon the invoice values after holding the appraisement invalid. After more mature consideration, upon rehearing the Government abandons this position as untenable and states:

In our petition for rehearing it was suggested that if the appraisement was to be held invalid this court should remand the case with instructions that a proper appraisement be held. * * * However, since receiving the appellants' brief and considering the authorities there cited (pp. 4–6) we deem the matter very doubtful, and we accordingly refrain from pressing it or taking up any of the time of the court in discussing it.

Further discussion, therefore, of this point is unnecessary. It might be meet to say that in the case of Erhardt *v*. Schroeder (155 U. S., 124) the Supreme Court of the United States long ago definitely settled that question. It would be idle to cite or quote from any of the numerous other decisions of the Supreme Court of the United States and other courts holding precisely the same.

The other point insisted upon by the Government at the oral argument is that article 410 of the Customs Regulations of 1889, then in

force, is directory and not mandatory. A more careful study of the opinion of the court will reveal that it was not alone because of the failure to pursue the regulation which the court held to have invalidated the subsequent appraisement, but also by reason of the additional and equally if not more important reason that inasmuch as the entry itself was induced by duress it was therefore invalid and not binding upon the importer and that not only was article 410 not followed, but no valid entry had been made at the time of the appraisement.

Article 410 reads:

410. Every invoice, as soon as entered, shall be stamped with the date of entry and certified by the signature of the collector or his deputy, and the officers whose duty it is will compare the classification made by the importer with the description given in the invoice and will see that the merchandise is classified at the rates provided by law. * * *

The rates of duty charged upon entry *and the entered value shall be duly stated on the invoice for the information of the appraisers.* The duties shall be estimated on the appraised value, the invoice certified, and a permit for delivery filled out.

The collector shall then transmit all the papers to the naval officer (if any), who shall make a like examination, estimate the duty, check the invoice, entry, and permit, if found correct, and, retaining the duplicate entry, return the original and other papers to the collector, *who will promptly transmit the invoice to the appraiser.*

, The portion thereof not followed was the failure to certify to the appraiser, in accordance with the regulations, for his consideration in appraising the goods the importer's voluntarily entered value of the merchandise. The only entered value existing being one made under duress by the importer it was impossible to so certify. Not only were the figures certified to the appraiser as the entered value not the opinion, judgment, and voluntary act of the importer, but something entirely different, to wit, the figures which the judgment of others determined should be the entered value.

We need go no further for authority upon what constitutes a directory and mandatory provision of law than any of the elementary works. Indeed, the very decision cited by the Government counse upon rehearing enunciates in succinct terms that rudimentary doctrine·

In French v. Edwards (13 Wall., 506, 511) the Supreme Court said:

But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, *and by a disregard of which his rights might be and generally would be injuriously affected,* they are not directory but mandatory.

The requirement of article 410 of the regulations, not complied with in this case, comes precisely within that rule. Why is it required by the regulation that the collector shall certify to the appraiser the entered value of the merchandise? Is it a mere idle requirement? We think it wise, just, and mandatory.

It is the only method under the law and the regulations whereby the importer can "have his day in court" before the appraiser in the first instance when his merchandise is being appraised. The importer's valuation might not and often does not agree with the invoice value. It might be too high or it might be too low, or he might know of fraud in the invoice value, in any of which cases it is his right to protect himself and his property by making corrections by his entered value. It being his opportunity for a hearing before the appraiser and to register his judgment for that official before his goods are appraised, the regulation implicitly requires that in the appraisement of his goods his estimate of the value shall be taken into consideration in this manner. The record shows that in these cases they were so considered by the appraiser. Failing to certify the importer's true judgment upon this point and certifying some other value which is the judgment of another or others and not of the importer, denies the importer the right to be heard before the appraiser, to this extent at least, and substitutes the judgment of some other person or persons for the judgment and evidence of the importer himself in the appraisement of his property. It seems to us almost idle to add that the denial to the citizen of a right to be heard, afforded him by law, when his property is being taken for the purposes of the state, is certainly "such a disregard of his rights as might result injuriously."

Moreover, a more serious result follows. It is required by law that in no case shall duty be taken at less than the entered or invoice value, whichever be the higher.

The duty shall not, however, be assessed in any case upon an amount less than the invoice or entered value. (See sec. 7, customs administrative act.)

The importer therefore had the right, believing the invoice and dutiable market value of his goods to be less, to enter them at that value. When the importer is constrained by duress to enter goods at a higher value than this he is denied a substantial right afforded by law, in that he deprives the appraiser of the power to make an *effective* appraisement at less, and the collector of the power to take duty at less, than this involuntary entered value. Even though he appealed to a single general appraiser, or a board of three general appraisers, and exhausted his remedy under the law, he is still forestalled from having duty taken upon his goods at less than their entered value, whatever may be their appraisement. Under the circumstances it seems to us that the proposition is too simple for discussion that when the importer is thus denied the right to enter his goods at a lower value and is thus constrained to enter them at a higher value, upon which duty under the law must be taken, that

his rights are not alone disregarded within the language of the Supreme Court of the United States, but that he is seriously as well as injuriously affected.

Bearing this fundamental principle in mind, let us look to the decisions cited by the Government counsel claiming to support its contentions. The one case necessary of any consideration whatever in this connection, instead of disputing, affirms the doctrine. That case was United States *v.* Ranlett (172 U. S., 133). It was there held that the requirement of section 2901 of the Revised Statutes that the appraiser should examine the packages forwarded by the collector under that section was, in that class of cases, directory and not mandatory. Without commenting further upon the precise point there involved in contrast with that involved in Oelbermann *v.* Merritt (123 U. S., 356) and similar cases, it is sufficient to say that an examination of the law will show that that was not an omission the consequences of which could not be relieved against in the due course of law by the importer himself, and the decision of the Supreme Court of the United States is expressly rested upon that fact. The court said:

\* \* \* If the importers believed that they had sustained injury because more bales were not opened, they should have applied for a reexamination, and they might have produced evidence before the Board of General Appraisers to maintain their claim. \* \* \*

Nevertheless, the court actually rendered judgment in that case in favor of the importers, reciting as one of its reasons—

\* \* \* considering that the statute was not strictly pursued in the examination \* \* \*.

See also Erhardt *v.* Schroeder (155 U. S., 124).

The condition is perfectly obvious, and the one Supreme Court case illustrates the doctrine as well as the other. In the Ranlett case the rights of the importer were not cut off by the failure to pursue the statute upon the part of the customs officials, because he could have produced evidence before a board of general appraisers to maintain his claim; and if their decision was unsatisfactory he could have appealed to the courts and pursued the same course. Construing all these statutes together, section 2901 and other provisions of the customs administrative law as a whole, we find that in the Ranlett case the importer, while denied a right, was not concluded by that denial, but was afforded relief by other provisions of the statute. In the case of this importer there is no relief afforded by statute or regulation for the rights denied him, for the law is imperative that under no condition or circumstances can duty be taken at less than the entered value. He is, therefore, irremediably denied a legal right.

It will be particularly noted that in all these cases it was the failure of the appraiser to examine the packages legally required to be sent to him by the collector, and not the failure of the collector to deliver to the appraiser that legally required number of packages which is the kindred point here involved.

In United States *v.* Phillips (46 Fed. Rep., 466) it was held that the failure of the collector to retain and submit the statutory samples to the appraiser rendered the appraisement invalid. See also United States *v.* Murphy (136 Fed. Rep., 811).

The allusion in the Government's petition—"it must not be forgotten that to each invoice in this case there was attached a memorandum slip showing the addition which the importer wished to make"—affords no relief. The statute says that duty shall not be taken at less than the entered value and no number of tags or figures pinned to the entry or to any other of the papers in the record would afford relief in the premises. It seems quite illogical to contend that no notation could under the law be made upon the entry of a protest against the addition of these commissions as dutiable value, or in any other language except in the language of the statute, reject them for that reason, and then to maintain that they should be considered as a legal part of the entry when pinned to it on a tag. If the law did not permit the collector to receive an entry which included them as a part, how could the law compel the appraiser to consider them as a part of the same entry?

The appraisement being invalid for jurisdictional defects, the character of the notation of the appraising officer would become unimportant. Moreover, the notations made in this case serve to emphasize what has been before said because they conclusively show that they were taken into consideration by the appraising officer in determining dutiable value. Indeed, the form of the appraiser's notation should not be conclusive of a legal right, for in the very case cited by counsel for the Government as "a clear statement from an eminent court," that court said on this precise point of the character of notations made by the appraising officers herein, in Erlanger, Blumgart & Co. *v.* United States (154 Fed. Rep., 949):

> The appraisers can not include in their valuation some improper item, such as ocean freights from the foreign country to the United States, and cut off all inquiry as to their action by merely inscribing on the entry a statement that they added the item "to make market value."

The order as made by the court was correct.
*Reversed.*

MONTGOMERY, Presiding Judge, and SMITH, BARBER, and MARTIN, Judges, concur.