## VANDEGRIFT & CO. *v.* UNITED STATES (No. 738).[1]

SAMPLES CONFUSED.

The record with the samples leaves it uncertain whether or not the merchandise is grasses, and, if grasses, what kind; and whether or not grasses, together with other articles. The confused and confusing character of the samples does not justify the imposition of a penalty on the importer, and accordingly a new trial is ordered

### United States Court of Customs Appeals, February 15, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26113 (T. D. 31757).

[Reversed.]

*Comstock & Washburn (Albert H. Washburn* and *J. Stuart Tompkins* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Frank L. Lawrence,* special attorney; on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The articles the subject of this appeal, as evidenced by the samples produced at the hearing, are in the main grasses.

There is little testimony in the record, and that seems to be confined to the point of what, if any, process the merchandise had been subjected to at the time of importation. It is not made certain by the record or the samples whether or not a part of the importation is a palm leaf or a grass. The appearance of the sample would indicate the former.

Counsel for the Government in their brief make the point that there is confusion of samples, which renders intelligible decision impossible. This is true. Were all the samples in the case uniform, decision might be had upon the principle of law involved. Should the court, however, rest its decision upon the law involved in this case without consideration of the samples, it might occur that an unintended result would follow.

The samples are four in number. One is marked "agrostis," protest 483365, and to all appearances is a species of palm leaf. Manifestly such is not "agrostis," according to all the standard definitions of that grass. The sample marked "eulalia," protest 483365, appears to be identical with the sample in protest 476639, yet the goods covered by the latter protest are invoiced as "aigrette de chine grasses," whilst the "eulalia," which is marked protest 483365 does not appear to be included upon any invoice covered by that protest. It is left to speculation by the court whether or not that item is represented by "eulalia" on the invoice covered by protest 483365. In any event, as to these two samples we find apparently identical samples named differently in two protests and certainly incorrectly in one. If it be "eulalia," which we may surmise,

[1] Reported in T. D. 32535 (22 Treas. Dec., 856).

that item upon the invoice is manifestly a different article from the "aigrette de chine grasses" in protest 476639.

The selection and marking of the samples was made by the local appraiser and became a part of the record by being transferred to the Board of General Appraisers in due course. They are here for the first time assailed by the Government as not representative of the imported merchandise and for other reasons heretofore detailed. The force of that claim is beyond question. It is equally true that its penalty should not be visited upon the importer.

The board in its decision assumed that the merchandise covered thereby was grasses. The record, in view of what is stated, makes it uncertain whether or not the merchandise covered by these protests is grasses or grasses with other articles, and as to the former, what grasses. In this particular it is not supported by the record.

The decision is *reversed*, with instructions that a new trial be had.