UNITED STATES *v.* BAUER *et al.* (Nos. 844–851).[1]

1. SUFFICIENCY OF PROTEST.

A commissionaire's service is rendered in connection with, on account of, and in consequence of the purchase of goods, is really a part of the transaction of the purchase and shipment of the goods, and the protest here fairly apprised the collector that commissions paid the commissionaire for the purchase of the goods abroad were claimed to be nondutiable.

2. COMMISSIONS PAID FOR THE PURCHASE OF GOODS ABROAD.

Leaving aside technical questions and treating the dutiability of commissions on its merits, regarding the substance rather than the form, it is clear it was not the intention of Congress to impose a duty upon commissions paid in connection with the purchase of goods abroad. When a payment is a commission proper must depend on the facts in the particular case.

## United States Court of Customs Appeals, June 1, 1912.

APPEAL from Board of United States General Appraisers, Abstract 27403 (T. D. 32089).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Frank L. Lawrence* and *Martin T. Baldwin* special attorneys, on the brief), for the United States.
*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case involves the same questions considered by the court in the case of Stein *v.* United States (1 Ct. Cust. Appls., 36; T. D. 31007) and again on rehearing in 1 Ct. Cust. Appls., 478 (T. D. 31525). Indeed, the record in this case consists of the testimony given in the Stein case accompanied by two stipulations, and the additional invoices covering the importations here involved. The first of these stipulations recites that the entries covered by the protests were made under substantially the same circumstances as those described in the Stein case, and provides that the record of the Stein case shall be incorporated in and made a part of the record in the present case. This was signed November 23, 1911. Later, on the 5th of December, 1911, a further stipulation was filed, reading as follows:

It is further stipulated and agreed by and between the parties hereto that a decision or order of reliquidation substantially in the following form will be satisfactory to both parties if it meet with the approval of the board: These are cases which involve the question of the dutiability of an item of commissions appearing on the invoices of the merchandise. The question presented is substantially the same as in the case of Stein *v.* United States (T. D. 31007 and T. D. 31525). On the authority of said decisions the protests are sustained in so far as they relate to items of 2½ per cent commission on invoices of cotton, woolen, or worsted goods on invoices made out at Bradford, Huddersfield, or Manchester, England. In all other respects all the protests are overruled and the decision of the collector is affirmed in each instance. The collector is instructed to reliquidate the entries accordingly.

---

[1] Reported in T. D. 32627 (22 Treas. Dec., 1067).

On filing these stipulations the Board of General Appraisers sustained the protests in an opinion substantially in form agreed upon between counsel. The Government brings this appeal.

The second stipulation might be said to be open to the construction that it provides for a consent order and decree, but counsel for the importers frankly concede that such was not its purpose, but they do contend that the intention was to put before the Board of General Appraisers the same questions that were involved in the Stein case. The board so interpreted the stipulation, and state that the questions of law are the same as those presented in the Stein case.

This being the state of the present record, it is manifest that it partakes of the nature of a reargument of a case twice decided by the court as to questions considered by the court in the Stein case. Under the doctrine of *stare decisis* we should proceed with caution in disturbing conclusions which were deliberately reached upon full argument. This rule does not preclude our examination of new questions, nor should we go to the length of reaffirming an erroneous position when firmly convinced that we are in error. But it must be expected that a court, having twice before considered a question later presented, having deliberately framed an opinion, will move with great caution in disapproving conclusions thus announced.

There is one new question, which we will proceed to consider. That question is whether the protests in the present case are sufficient. It is urged that they are not sufficient to apprise the Government of the point sought to be made.

The protest, so far as it is material to this case, reads as follows:

We hereby protest against your decision, liquidation, and assessment of duties as made by you on our importations below mentioned, consisting of certain colored cottons, worsteds, mohairs, cottons, and other merchandise contained in the cases or packages marked and numbered as described on the entries and invoices thereof, to which for more certainty of description reference is hereby had, claiming that, as appears by the invoice and as matter of fact, there has been paid by the importer a commission for purchasing these goods which is nondutiable; that the appraising officers have improperly advanced the value by disallowing the deduction of this commission, or that you have compelled the importers to include it in the entered value by duress and in order to avoid the imposition of additional or penal duties, contrary to the decision of the Supreme Court in the case of Robertson *v.* Frank Bros Co. (132 U. S., 17). The correct rate of duty on these goods is that which would apply if the commission were treated as nondutiable, and any change in the classification or imposition of additional or penal duty caused by including said commission in the value of said goods is erroneous and illegal.

It is urged by the Government that this protest is insufficient for the reason stated, that the protest covers a commission for purchasing these goods and is restricted to such commission, whereas the record shows that the importers purchased the goods themselves.

This strikes us as a too technical view of the subject of this protest. It is true that the importers made the bargain for the purchase of these

goods. Delivery was not consummated, however. We think the purchase of goods may well be held to include such acts as are performed by a commissionaire as shown by the record in this case. His duty consists, among other things, in comparing samples of goods ordered with those tendered for delivery. This service is rendered in connection with, on account of, and in consequence of the purchase of the goods and is really a part of the transaction of purchasing and shipping goods. We think the protest was sufficient to fairly apprise the collector of the point sought to be made.

It is stated by counsel for the Government that in the Stein case the question as to the nondutiable character of the commissions was not argued, and for that reason the Government has gone into an extended argument upon this question. The question was considered by this court as well as by the Board of General Appraisers in the Stein case. In the Stein case (T. D. 28886) the board reviewed the testimony and proceeded to state:

We think it is a fair inference from the testimony in the case that whatever outlay the commissionaires make for shrinking, packing, and putting up is paid as a separate item, outside of the commission of 2½ per cent. We do not think from the evidence in this case that they are required to do anything for the 2½ per cent which might not be properly paid for by that commission. Had they made the contract for the goods finished, ready for shipment, which might have included separate agreements for the different services of shrinking, putting up, and packing, the commission would have been a legitimate charge as such, and, as a commission, no part of the wholesale market price of the goods, and hence nondutiable.

In the original Stein case this court said:

It appears that the principal duties of the commissionaire, for which this commission was paid, was to receive the goods after they had been manufactured and finished, unfold and compare them with the purchase samples, purchase the cases, and pack and ship the goods. Separate charges appear on the invoice for the cases and packing. The commission would seem to be a service connected with the fulfillment of the contract, rather than a performance of any of its terms. It entered into the cost of the goods to the importer, but did not become a part of their actual market value. We think the record fully supports the finding of the Board of General Appraisers that the 2½ per cent was a commission, pure and simple, and in no wise entered into the actual market value of the goods.

Without extending the holding in that case to include any services other than those which were specifically designated, and by no means intending to preclude the Board of General Appraisers, acting as appraisers, from dealing with each case as a question of fact in determining whether an alleged commission is in fact a commission for services so connected with the purchase as to be so considered, or as in the nature of a profit to the seller, or from in any way testing the good faith of the importer, we think the commission involved in the Stein case was legitimately a commission for services in connection with the purchase of goods. If we lay aside the technical questions connected with the case and treat the question of the dutiability of

these commissions on its merits; if we regard substance rather than form, we think it entirely clear that it was not the purpose and intention of Congress to impose a duty upon commissions paid in connection with the purchase of goods abroad. Prior to 1863, section 2907 of the Revised Statutes provided that—

In determining the dutiable value of merchandise there shall be added to the cost or to the actual wholesale price or general market value at the time of exportation in the principal markets of the country from whence the same has been imported into the United States, the cost of transportation, shipment and transshipment, with all expenses included from the place of growth, production, or manufacture, whether by land or water, to the vessel in which shipment is made to the United States; the value of the sack, box, or covering of any kind in which such merchandise is contained; commission at the usual rates, but in no case less than two and one-half per centum; and brokerage, export duty, and all other actual or usual charges for putting up, preparing, and packing for transportation or shipment. * * *

This was expressly repealed by the tariff act of March 3, 1883. From this time until the passage of the customs administrative act no claim was ever made that commissions were dutiable. Having in mind that they had been treated as dutiable, we turn to the construction of section 19, which reads that—

The duty shall be assessed upon the actual market value or wholesale price of such merchandise as bought and sold in usual wholesale quantities, at the time of exportation to the United States, in the principal markets of the country from whence imported, and in the condition in which such merchandise is there bought and sold for exportation to the United States, or consigned to the United States for sale, including the value of all cartons, cases, crates, boxes, sacks, and coverings of any kind, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

This section said nothing about commissions, and in view of the history of the legislation it is to be presumed that the omission of commissions was intentional. The question was raised shortly after this section was put into operation as to whether commissions were dutiable, and that question, having been referred to the Attorney General, it was held by him that they were not. When section 19 was before Congress, the report submitted by the Ways and Means Committee stated of section 19:

While it returns to the former legislation and will accomplish the desired purpose, it does not include as dutiable items charges for inland transportation, *shipment*, transshipment, *commissions*, brokerage, insurance, export duties, etc., as was provided in sections 2907 and 2908, Revised Statutes.

So it is clear that Congress, by the enactment of section 19 of the customs administrative act, did not intend to go back to the rule of imposing a duty upon commissions. The whole difficulty has arisen from a treatment of commissions as a part of the market value. But turning back to section 2907 it will be seen that the general market value was treated as a value not including commissions, and

commissions were treated as something separate and distinct from the market value. It would seem like extending the statute, after Congress has made commissions nondutiable by clear implication, to again include them under the guise of an attempt to make market value.

After listening to the able argument of counsel and examining and considering the elaborate briefs presented, we are all agreed that the Stein case was rightly decided, and that any discussion of the principles involved other than those herein adverted to would be but a repetition of the interpretation which we there placed upon the decisions of the Supreme Court, and that the ruling of that case should be affirmed.

At the argument of the case it was pointed out that notations on some of the invoices showed that the importers were not denied the right to make notations showing their claim that these commissions were not dutiable, and it was conceded by counsel as to such items that there was no just basis for applying the ruling in the Stein case, and this opinion is not to be taken as applying the rule of the Stein case to such cases.

There is another class of cases referred to in the brief of counsel in which the entries appear to have contained a statement of a commission due to sellers or agents of sellers, and it is contended that a different rule should be applied to these entries than was applied in the Stein case. The stipulation bound both parties by the statement that the questions involved are the same as those in the Stein case. The importers state, and it appears to be conceded, that had the question been reserved out of the stipulation and an attempt made as to these entries to differentiate them from those involved in the Stein case, the entries would have been open to explanation. The importer rested his case upon the stipulation. The case, as put to the board, was a case involving commissions appearing on the invoices of merchandise, presenting substantially the same question as involved in the Stein case. We think the importers had the right to rely upon the stipulation and construe it, as they evidently did construe it, and as we have construed it, as designed to present to the board for its determination the same question that was involved in the Stein case, with a view to rearguing those questions before this court. We are unable to agree that the question here presented was reserved out of that stipulation, and it follows that, except as to the importations pointed out in which by a stipulation of counsel in open court it was conceded that as a matter of fairness where the notations on the entry were such as to differentiate the case from the Stein case an exception should be made, the decision of the board is in all respects *affirmed* and the case remanded.