UNITED STATES *v.* EYTINGE & CO. (No. 1129).[1]

EVIDENCE IN ONE CASE OFFERED IN ANOTHER.

One witness testified that the articles are porcelain pyrometer tubes and a previous decision of the board upon the rate of assessment was submitted at the hearing. The record in the former case was not put in evidence. No other witness was examined, and no sample of the merchandise was introduced in evidence or retained by the appraiser. There was a failure to sustain the protest and the collector's assessment must stand as correct.—United States *v.* Herrmann (145 Fed., 843; and Vandegrift *v.* United States (3 Ct. Cust. Appls., 219; T. D. 32535) distinguished.

United States Court of Customs Appeals, May 23, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31312 (T. D. 33194).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *William A. Robertson*, special attorney, on the brief), for the United States.

*Comstock & Washburn* (*John A. Kratz, jr.*, of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was reported by the appraiser to consist of "tubes of various lengths and of different diameters, composed of plain white china and therefore returned for duty. * * * under paragraph 94 of the tariff act of 1909." The importation was thereupon assessed with duty at the rate of 55 per cent ad valorem under that paragraph.

The importers protested against the assessment, claiming the merchandise to be dutiable at 35 per cent ad valorem as articles composed of earthy substances within paragraph 95 of the act.

The protest was submitted to the Board of General Appraisers and was sustained, from which decision the Government now appeals.

At the hearing before the board a witness was examined by the importers who testified that the articles in question were pyrometer tubes made of porcelain, and were similar in character to the articles involved in a former decision of the board, which is reported as Abstract 29504 (T. D. 32760). The importers thereupon introduced in evidence a copy of that decision and rested their case. The decision in question was one wherein the board held certain porcelain pyrometer tubes to be dutiable at 35 per cent ad valorem under paragraph 95 of the act. Upon the authority of that decision the board sustained the protest in the present case.

There is no other testimony of any kind included within the present record. The importers did not offer the recorded testimony taken in

---

[1] Reported in T. D. 33486 (24 Treas. Dec., 884).

the former case as evidence in the present case; no other witness was examined; no sample of the merchandise was introduced in evidence, nor was any sample retained by the appraiser.

The importers append to their brief a copy of certain testimony which they state was taken at the trial of the former case above mentioned and request the court to consider it in connection with the present record. Such a course, however, is plainly unauthorized.

The present record, therefore, informs the court of the name of the articles in question, the return of the appraiser, the assessment of the collector, the former decision of the board in a similar case, and the present decision of the oard in this case.

The foregoing record certainly proves that the board's decision in the present case consistently follows the board's former decision in a similar case; but the record totally fails to disclose whether or not the former decision itself was sustained by the facts and the law of the case.

The finding reported by the appraiser and the assessment made by the collector are presumed to be correct unless rebutted by sufficient evidence to the contrary. In the present record there is no evidence at all which contradicts the finding or the assessment. The only fact apparent in the record which possibly may be claimed as contradictory of the assessment is the name of the imported article. The merchandise is stated by the witness to be pyrometer tubes. The facts, however, concerning pyrometer tubes which are within common knowledge are not sufficient when taken alone to defeat the assessment in question.

It therefore becomes apparent that there was a total failure of evidence before the board in support of the protest, and in such case it is the duty of the court to permit the collector's assessment to govern the importation.

It is suggested that the present case should be remanded to the board for a new trial, whereby the importers may have a second opportunity to submit proofs to the board in support of their protest. It must be remembered, however, that the importers had their day in court, and at that time it became both their right and their duty to submit to the board all of the evidence upon which they relied. There is no reason apparent in the present record why they failed to do so at the trial of this case. It is not suggested that they suffered from any accident or surprise at the trial, or that the evidence which they now seek to introduce is newly discovered evidence. Nor do the importers complain of any ruling of the board upon the admission or rejection of evidence at the trial.

The court is not warranted in remanding a case for retrial solely upon the ground that one of the parties failed to submit the evidence

in his possession to the board at the trial of the case regularly had where it appears that the party in question participated in that trial without objection of any kind.

The appellees in support of their several contentions especially cite United States *v.* Herrmann (145 Fed., 843); same case (154 Fed., 196); and also Vandegrift *v.* United States (3 Ct. Cust. Appls., 219; T. D. 32535). These cases, however, fail to sustain the appellees' position. In the Herrmann case the Government expressly waived proof of the correctness of the classification adopted by the board in its first decision, and expressly limited the issue to the identity of the importation with the merchandise involved in the prior decision. In the Vandegrift case this court remanded the case for retrial because, without fault of either party, the exhibits in the case obviously had been confused and misnumbered so as to make it impossible for the court to reach a decision upon the record. The present case therefore is essentially different from those cited.

In view, therefore, of the entire absence of proof in support of the protest the decision of the board sustaining the same is *reversed.*