UNITED STATES *v.* BRADSHAW & CO. (No. 1196).[1]

REAPPRAISEMENT, REVIEW OF.

The collector, acting under instructions from the Treasury Department, refused to adopt a valuation found by three general appraisers upon re-reappraisement and assessed duty upon the value found by the local appraiser as affirmed by a single general appraiser. The presumption is that the reappraising board of three acted in accordance with law and there is nothing in the record to overcome this presumption. The appeal must fail.

United States Court of Customs Appeals, January 29, 1914.

APPEAL from Board of United States General Appraisers, Abstract 32681 (T. D. 33511).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General, for the United States.
*Stanley Jackson* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The importation consists of wool cloth, and the issue relates solely to the dutiable valuation thereof.

Entry of the merchandise was made at the port of San Francisco upon a consular invoice which was duly verified on behalf of A. Comyns & Co., Dublin, who are named in the affidavit as the foreign sellers of the goods. The invoice sets out a number of items which are first totaled; from this total is deducted 10 per cent thereof; the sum thus ascertained is stated to be the true price and market value of the merchandise. The invoice contains no explanation of the deduction just referred to, that item appearing in the following terms: "Less 10% £13 15s. 2d." The importation was entered by the importers at the net valuation thus ascertained and declared.

The local appraiser, however, in passing upon the value of the importation, disallowed the 10 per cent deduction just referred to, and added the same with penalty to the entered value for assessment. This appraisement was appealed to a single general appraiser, who affirmed the appraised value. Thereupon an appeal to re-reappraisement was taken by the importers to a board of three general appraisers, and the board sustained the entered value. The present record contains no information concerning the foregoing appeals or the proceedings had thereupon, except only the fact that the appeals were taken and resulted as above stated. And these facts appear only from the official reports of the respective reappraisements filed with the collector.

After the collector had received the report of the reappraising board he received also the following letter of instructions from the Treasury Department:

Protest No. 15618.                    TREASURY DEPARTMENT, *July 13, 1912.*

SIR: The department duly received your letter of May 29, 1912, relative to the reappraisement of certain wool cloth covered by entry No. 13437, series of 1911.

---

[1] Reported in T. D. 34168 (26 Treas. Dec., 232).

It appears that the merchandise was imported by W. R. Bradshaw & Co., who bought the same from A. Comyns & Sons at the value stated in the invoice, amounting to £137 11s. 5d.; that 10 per cent was deducted from this amount and that the entered value was declared at £124 9s. 3d.

The appraiser disallowed the deduction of 10 per cent, and the importers appealed for reappraisement. A single general appraiser affirmed the appraised value, but upon appeal to a board of three the entered value was sustained.

It appears from your report that the deduction of 10 per cent was for the difference in price between short lenghts or cuts and the price of goods in the piece.

You state that the importers admit that they paid the prices stated in the invoice, without the deduction of 10 per cent, but that the 10 per cent deduction should have been added back on entry.

The department is of the opinion that the price stated in the invoice, without the deduction of 10 per cent, represents the foreign market value of short lengths or cuts and that the Board of General Appraisers proceeded in a wrong principle of law in appraising these short lengths at the price of goods in the piece.

You are therefore hereby instructed to liquidate the entry upon the appraised value as found by the local appraiser and a single general appraiser, leaving to the importers their remedy by protest.

The inclosures of your letter are herewith returned.

Respectfully,                                          JAMES F. CURTIS,
     (95478.)                                         *Assistant Secretary.*

COLLECTOR OF CUSTOMS, *San Francisco, Cal.*

Acting under the foregoing instructions, the collector refused to adopt the valuation found by the three general appraisers upon re-reappraisement and assessed duty upon the value found by the local appraiser as affirmed by the single general appraiser.

The importers protested the assessment, the protest reading in part as follows:

The grounds of our objection are that having entered this importation with a deduction of 10 per cent as shown on the invoice, the local appraiser disallowed same and his findings are affirmed by a single general appraiser; whereupon a re-reappraisement was filed and a hearing had before a board of three general appraisers, in accordance with law, which board sustained the *entered* value. Acting under instructions from the Secretary of the Treasury, dated Washington, July 13, 1912, the findings of the board of three general appraisers was disregarded and the entry was liquidated upon the appraised value as found by the local appraiser and a single general appraiser. A copy of this ruling which resulted in such a liquidation is attached hereto and made a part hereof. We also submit as a part of the record a copy of a letter filed with a single general appraiser and a copy of a letter filed with the board of three general appraisers, and in support of our claim, make special reference to the principles enunciated by the United States Court of Customs Appeals, January 11, 1911, in the matter of Wolff *v.* United States (No. 175), found in T. D. 31217.

The protest was submitted to the Board of General Appraisers and was sustained by the board. The Government now appeals from that decision.

There was no testimony of any kind submitted to the classification board except as above indicated. The present record, therefore, consists of the official files, the letter of the department above copied, the assessment, the protest, two letters written by the importers in the reappraisement proceedings, and the decision of the classification board now on appeal.

Upon this record the court is constrained to affirm the decision of the board. It must be conceded that the appraisement of the board of three is conclusive upon all parties, until shown to be contrary to law or based upon some erroneous principle. For the presumption is that the reappraising board acted in accordance with law, and this presumption obtains until the contrary is lawfully made to appear. There is nothing in the present record, however, which overcomes the presumption just mentioned, nor are the facts concerning the disputed item disclosed with any degree of certainty. As already stated, the invoice itself contains no explanation of the item in question. The letter of instructions addressed to the collector by the department is not evidence in the case. The letters written by the importers in the reappraisement proceedings are, therefore, all that remain in the record in the nature of evidence concerning the 10 per cent deduction. It is doubtful whether these letters should now be considered as evidence; however, they may be received as admissions of the importers if against their interest.

If any part of these letters should be received as an admission against interest, it will be conceded that all parts thereof relating to the same subject should be considered together. The letters thus considered certainly do not tend to show that the decision of the reappraising board was contrary to law or based upon an erroneous principle. They state in substance that the 10 per cent deduction which appears in the invoice was in the nature of a purchasing commission, the same having been agreed upon in advance as a method of paying the Dublin firm for their services in purchasing, receiving, and forwarding the goods on behalf of the importers. The letters further state that the entered value was in fact the true wholesale market value of the merchandise in the country of exportation. These statements are not contradicted or avoided in any manner in the record, and they tend to show that the item in question was nondutiable. United States *v.* Bauer (3 Ct. Cust. Appls., 343; T. D. 22627). Nor is the statement in the consular invoice that the Dublin firm are sellers of the goods necessarily inconsistent with this conclusion, for nevertheless the circumstances are open to explanation, and part of the ostensible price of the goods may be shown to be a commission. Case of Alex. Smith & Sons Carpet Co. (T. D. 24721).

If the importers' letters, therefore, should not be considered, nothing would remain in the record to impeach the finding of the board of three, and the action of the collector would thereupon stand as a bare refusal to accept the appraisement made by that board. If on the other hand the letters should be considered, they would at least not tend to impeach the board's appraisement as proceeding upon a wrong principle.

This conclusion manifestly disposes of the record rather than the issues of law and fact which counsel have argued. Inasmuch, however, as the appeal fails, the decision of the board is *affirmed.* United States *v.* Eytinge & Co. (4 Ct. Cust. Appls., 266; T. D. 33486).