ABRAHAM & STRAUS *et al. v.* UNITED STATES (No. 1300).[1]

SUFFICIENCY OF THE RECORD.

There was sufficient in the appraiser's reports or the collector's letters, taken together, upon which to predicate a finding of fact and so to bring the particular statute into operation.—Vandegrift *v.* United States (3 Ct. Cust. Appls., 219; T. D. 32535).

United States Court of Customs Appeals, May 28, 1914.

APPEALS from Board of United States General Appraisers, Abstract 33837 (T. D. 33789) and Abstract 33858 (T. D. 33795).

[Remanded.]

*Comstock & Washburn* for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal relates to two decisions of the Board of General Appraisers covering a great number of protests by several different importing firms. The issue of law tendered by all of the protests is whether or not the imported articles the subject thereof are dutiable at 50 per cent ad valorem under paragraph 452 of the tariff act of 1909 and the last provision thereof as bags, baskets, belts, satchels, etc., "permanently fitted and furnished with traveling, bottle, drinking, dining, or luncheon and similar sets," or at the lesser rate claimed by the protestants as such bags, baskets, belts, satchels, etc., under the first provision of that paragraph, which reads as follows:

452. Bags, baskets, belts, satchels, card cases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, made wholly of or in chief value of leather, not jewelry, and manufactures of leather, or of which leather is the component material of chief value, not specially provided for in this section, forty per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon and similar sets, fifty per centum ad valorem.

It seems that the cases were submitted upon the records of the particular case. The Board of General Appraisers in a short decision stated:

The protestants in these cases submitted their protests upon the report of the appraiser. That report in each case either fails to state the character of the merchandise or covers merchandise which has been held by this board to be dutiable at the rate assessed therein. The protests are overruled. See Mark Cross Co.'s case, Abstract 33671 (T. D. 33763).

The court has before it the invoices and entries in all of these cases. What may be an immaterial fact, but one worthy of note as we proceed, is that of the 71 invoices included 64 are expressly submitted

---

upon the collector's letter and 7 upon the appraiser's report. The board proceeded upon the theory that either there were not sufficient evidentiary facts disclosed in any one of these records upon which to predicate a finding of fact, or assuming that fact to have been found by the board, such cases had already been passed upon in principle adversely to the importers'. contention by this court. We think, from an examination of the records, including the invoices and entries, that in many at least of these cases there was sufficient in the appraiser's reports or the collector's letters upon which to predicate a finding of fact as to the character of the respective importations upon which might be predicated a decision under the particular statute. Moreover, that examination discloses that as to some of the articles, the character of which is sufficiently shown by the records, both the board and this court have rendered decisions favorable to the importers. Under the circumstances, it being necessary that the decisions of the Board of General Appraisers be reversed, we think that the ends of justice will be subserved by new trials. It is ordered accordingly. Vandegrift v. United States (3 Ct. Cust. Appls., 219; T. D. 32535).

*Remanded.*