UNITED STATES *v.* CASE & Co., INC. (No. 2504) [1]

1. EVIDENCE—RELEVANCY.

Upon an issue of whether the relation between two parties to a contract was that of vendor and vendee or agent and principal, a letter from one of the parties to a third party offering to enter into a contract on the same subject matter in which he should appear to be agent, though really vendor, is wholly inadmissible for any purpose.

2. DUTIABLE VALUE—AGENT'S COMMISSION.

It appearing from a contract in evidence and described in the opinion that the merchandise was bought by an agent on commission, the commission is held to be no part of the dutiable value.

United States Court of Customs Appeals, June 3, 1925

APPEAL from Board of United States General Appraisers, Circular Reappraisement 35219

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*John G. Lerch* and *William H. Futrell,* special attorneys, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument May 20, 1925, by Mr. Lerch and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Inported Irish crochet laces made in Swatow, China, were invoiced and entered in two entries at a unit value of $1.37 Mexican money per tael. The appraiser appraised the laces *at the invoice unit value,* plus a commission of 6 per centum as to one entry and 7½ per centum as to the other. From that appraisement the importer appealed to reappraisement and that appeal was duly assigned to a general appraiser for hearing and determination.

On the hearing before the general appraiser the uncontradicted evidence established that the importer, by a written contract, employed one T. K. Chang to act for the firm as its agent, first, for the placing of contract work with dealers and headworkers and for the advancement of firm funds to such dealers and workers in order to enable them to secure material for the making of the goods contracted for; second, to buy for the firm goods already made, charging the exact cost thereof. Under the contract the agent had no authority to

---

[1] T. D. 40958.

buy except at the prices fixed by the firm and he was made responsible for any failure to deliver goods and any advance or decline in price was for his account. The testimony was clear and specific that none of the goods imported were purchased from Chang and that the relation between the importer and Chang was not other than that of principal and agent.

The single general appraiser sustained the value found by the appraiser, whereupon the importer applied for a review of the general appraiser's decision.

The board of three general appraisers to which that application was assigned, after consideration of the record made before the general appraiser, reversed the decision of the general appraiser and approved the unit value of the merchandise, thereby disallowing the commission added by the appraiser and the general appraiser. From that decision the Government took the present appeal, and, in support thereof, contends that the commissions paid to Chang were a part of the market value and that the finding of the board of three general appraisers to the contrary was not supported by the evidence.

In our opinion, the finding of fact made by the board was fully sustained by the evidence, and there was no competent evidence of any kind which would have justified the board in holding that the merchandise was purchased from Chang or that he dealt with the importer in any other capacity than that of its agent. A compromising letter written by Chang to the Shanghai Lace Co., in New York, nine months after Chang's contract with Case & Co., appears in the record, which letter might well be regarded as an offer on his part to perpetrate a fraud on the Government by assuming the rôle of agent, although in fact acting as a principal for his own account.

There is not a scintilla of evidence showing or tending to show that any such letter was written to the importers or that they had any knowledge of the proposals which Chang made to the Shanghai Lace Co. Under no rule of evidence with which we are familiar can the importing firm be prejudiced by a letter written to a third party and of which they had no knowledge. To do so would stamp as perjury testimony for the importer which was wholly unimpeached and make of no avail to the importer a contract valid, fair, and aboveboard on its face. Importers were not responsible for acts of Chang not contemplated by the contract or for acts of Chang beyond the control and without the knowledge of importers. To hold otherwise would leave reputable merchants, their lawful contracts, and their good names at the mercy of the designing for acts for which such merchants were neither legally nor morally responsible.

As the uncontradicted evidence conclusively establishes that the additions made by the appraiser and general appraiser were com-

missions paid to an agent for services rendered in buying and pro-
curing goods from others, it follows that such commissions consti-
tuted no part of the value of the merchandise for appraisement
purposes.

The judgment of the board must therefore be *affirmed*.