**UNITED STATES v. GARVEY et al.**

No. 371.

Circuit Court of Appeals, Second Circuit.

July 10, 1945.

Gilbert S. Rosenthal, of New York City, for appellants.

John C. Hilly, of New York City, and John F. X. McGohey, U. S. Atty., of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Garvey and Speiser were convicted of transporting stolen goods in interstate commerce. They chiefly rely upon their assertion that the prosecution did not prove, as the statute requires, that the stolen goods were of the value of $5,000. (The only other point—the admission of the testimony of a witness, called Follins—is too trivial to deserve discussion.) The stolen goods were clothing, packed in cartons and loaded in a truck, which was stolen with its contents. The clothing had been sold by two manufacturers to their customers, to whom it was on its way to be delivered, when Garvey and Speiser stole it. Each manufacturer had put two copies of the invoice in the cartons when they were packed and kept one for itself; and the proof of value was by the testimony of witnesses—shown to be familiar with the goods of the kind mentioned in the invoices—that the prices were reasonable at which the goods had been invoiced. That was obviously good evidence so far as it went; but it did not prove that the cartons in fact contained the clothing described in the invoices. However, as to one of the manufacturers—McArthur, Ltd.—the prosecution supplemented this evidence by showing that that manufacturer's practice was to check against the invoice the contents of all cartons as, or after, they were packed. That made the invoices themselves competent evidence that the cartons contained the goods described in them (§ 695, Title 28 U.S.C.A.), and, with the expert testimony as to value, completed the proof, so far as concerned those goods.

We can find no evidence as to the packing practice of the other manufacturer—Joselli Suits—but, although the accused protested vigorously that none of the invoices were competent, they did not distinguish between those coming from Joselli Suits and those from McArthur, Ltd., nor did they raise the infirmity in the proof as to the Joselli invoices that we have just suggested. If they had meant to distinguish between the two, fairness required them to raise the question at the trial, when it could probably have been corrected. Nevertheless, we have examined the McArthur invoices, and we find that they foot up to more than $5,166; so that even though we do not count the Joselli goods at all the theft was large enough. It is true that before the stolen goods were returned to New York from New Jersey, after being taken from New York to New Jersey, one of the thieves, Macchia, "took about a dozen suits and dresses." These can hardly

768

have been worth $166; but it is not important whether they were or not. There was ample evidence that a large amount of clothing was in the Joselli cartons, far more than by any possibility Macchia could have taken. Since all the rest came back to New York, it was abundantly proved that stolen goods of more than the necessary amount were transported from New Jersey to New York. For that matter, we should not have hesitated under the circumstances of this case to hold it an immaterial variance to charge a transportation of goods from New Jersey to New York and to prove one from New York to New Jersey.

Convictions affirmed.