NEW YORK MERCHANDISE Co., Inc. v. UNITED STATES

No. 7334.—Invoice dated Kobe, Japan, May 14, 1941.
Certified May 14, 1941.
Entered at New York, N. Y., June 24, 1941.
Entry No. 769812.

(Decided on remand [Reap. Dec. 6269] July 15, 1947)

*James W. Bevans* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: This case is before me on remand from the Second Division of this court (Reap. Dec. 6269).

The merchandise involved covers various kinds of Christmas decorations imported from Japan and entered at the port of New York on June 24, 1941. Entry of the merchandise was made at the invoice unit prices, plus certain fees for labels. The appraiser advanced the values by adding certain percentages to the unit values, which percentages represented the amount charged for commission and so-called control fees as applied to the unit values of the merchandise.

Plaintiff contended that the merchandise was purchased from Japanese manufacturers through a commissionaire and that the item of commission was no part of value. The Government, on the other hand, contended that the so-called buying commission was part of the unit prices of the merchandise.

At the trial the examiner testified, over Government counsel's objection, that the addition of 6.15 per centum, as reported by him, represented the amount which was charged for commission as applied to the unit values and that in the course of his duties he had determined that the merchandise was not sold in the foreign market. The Government contended that this testimony was inadmissible on the ground that the examiner, not being the appraiser, may not be interrogated as to any action taken by the appraiser.

I accepted the testimony of the examiner as representing the observations and judgment of the appraiser stating that:

\* \* \* Where the appraiser approves and adopts the action of the examiner and assistant appraiser, as was done here, their observations and judgment become that of the appraiser. (*MacMillan Co.* v. *United States,* 11 Ct. Cust. Appls. 466, T. D. 39536.)

and on the record made found the proper basis for the determination of the value of the merchandise to be the export value and that the item of commission of 6 per centum, or 6.15 per centum as added by the appraiser, represented a buying commission which is not part of the export value, and that the appraised values, less the items of "6.15% on unit" represented such export values (Reap. Dec. 6142). The Government thereupon filed an application for review before the appellate division of this court.

Subsequent to my original decision dated May 8, 1945, our appellate court had a similar situation before it in the case of *United States* v. *Eurasia Import Co., Inc.,* 33 C. C. P. A. 123, C. A. D. 326, decided January 4, 1946. In the *Eurasia* case, *supra,* the examiner, instead of the appraiser who officially made the appraisement, was called to testify, and regarding the testimony of the examiner the appellate court stated that "\* \* \* it would seem to have been logical procedure for counsel to call the appraiser, and have him explain the reasons for his advancement of values."

In view of the holding in the *Eurasia* case, *supra,* the appellate division of this court reversed my decision and judgment and remanded the case to me for the purpose of permitting counsel for the importer to call the appraiser "and have him explain the reasons for his advancement of values" with particular reference to the item of 6.15 per centum (Reap. Dec. 6269).

Subsequently, the following stipulation was entered into between counsel for the respective parties:

It is stipulated and agreed between counsel herein that the U. S. Appraiser of Merchandise at the Port of New York, in appraising the merchandise covered by the above-entitled suit, approved and adopted the reasons of the Examiner of Merchandise as testified to by the said Examiner on January 10, 1945 in this cause, namely, that export value under Section 402 of the Tariff Act of 1930 was the proper basis of appraisement; that the addition of 6.15% to the unit value was for the purpose of including in the export value the commission that appeared upon the invoice; and that the additions of 0.54% and 1.62% were for the purpose of including as part of said export value certain items appearing on the invoice as "Control Fees."

It is further stipulated and agreed that the above-entitled suit may be deemed to be resubmitted for decision upon this stipulation and the record as previously made.

Upon this stipulation and the record as previously made, I find that the proper basis for the determination of the value of the merchandise here involved is export value, as that value is defined in section 402 (d)

of the Tariff Act of 1930 and that the item of 6 per centum, or 6.15 per centum, as added by the appraiser, represents a buying commission which is not part of the export value and that the appraised values, less the items of "6.15% on unit," represent such export values.

Judgment will be rendered accordingly.