WILLIAM KROCKER *v.* UNITED STATES

No. 7847.
Entry No. 0151.

(Decided June 21, 1950)

*Jerome G. Clifford* for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Richard H. Welsh* and *Samuel D. Spector*, special attorneys), for the defendant.

JOHNSON, Judge: This is an appeal for reappraisement from a finding of value made by the appraiser at the port of Pittsburgh on a schnauzer dog purchased by the plaintiff through the medium of correspondence with a breeder of such dogs in Switzerland. The dog was invoiced and entered at 1,050 Swiss francs, including the cost of crating. The appraiser returned the value of the dog at a price of 1,100 Swiss francs, net packed.

At the trial the plaintiff testified that he was not a regular importer; that he wanted to acquire a schnauzer dog for breeding purposes and endeavored to obtain the services of the Lloyd Co. of London to oversee the matter of purchase for purposes of security. However, the

Lloyd Co. was unable to render the service and recommended that he employ the secretary of the Swiss Kennel Club to take care of the transaction, such as examining the title of the dog, obtaining the proper papers, etc. Acting upon such suggestion, the plaintiff contacted the secretary by mail and received a reply that the Swiss Kennel Club would examine the title of the dog and get all the papers in order. As for payment, the plaintiff was notified that in addition to the purchase price of the dog an additional 100 Swiss francs for services of the Swiss Kennel Club would be charged.

The evidence further establishes that the dog was purchased from Werner Hachler for the sum of 1,000 Swiss francs. A check was drawn on the First National Bank & Trust Co. of East Pittsburgh to the order of Peoples First National Bank & Trust Co., Foreign Department, in the sum of $261.50, which represented 1,100 Swiss francs.

It is clear from the evidence before the court that the price at which the dog was purchased was 1,000 Swiss francs and that the cost of the crating was 50 Swiss francs. The remaining 50 Swiss francs, which is in controversy here, covers the charge that the Swiss Kennel Club made for acting for the purchaser, outside of preparing the dog for shipment, such as crating, etc.

The plaintiff contends that the payment for the services rendered by the Swiss Kennel Club was no part of the dutiable value. The Government, on the other hand, contends that the export value properly includes the cost of all containers and coverings and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States.

Apparently the Government attorney is under the impression that activities connected with the examination of the title of the dog, in order to ascertain whether or not the seller thereof was authorized to sell, and the examination of the certificate of pure breeding, are expenses incident to placing the dog in condition for shipment. As I understand the situation involved here, having personally tried this reappraisement, the Swiss Kennel Club was hired by the plaintiff as his agent to ascertain whether the dog was as represented by the seller, that is to say, that the seller was the owner thereof, authorized to sell, and that it was of such stock as warranted the issuance of a pedigree. The agent also prepared the dog for shipment to this country, for which the packing charge was 50 Swiss francs. It is well settled that the services of an agent in preparing a puchase for shipment are not a dutiable charge.

In the case of *United States* v. *Case & Co., Inc.*, 13 Ct. Cust. Appls. 122, T. D. 40958, the appellate court held that compensation paid to an agent of the importer for his services in buying material and furnishing it to Chinese makers of lace, and also for his services in super-

vising the work and collecting it when finished, was a commission and no part of the market value.

In the case of *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T. D. 31007, the appellate court held that compensation paid to a commissionaire for his services in receiving goods after they had been manufactured and finished, comparing them with the samples, procuring cases, and attending to the packing and shipping, is a commission simply and is a nondutiable charge.

In the case of *American Express Co.* v. *United States*, 14 Ct. Cust. Appls. 53, T. D. 41553, the appellate court held that where an importer had purchased a number of pearls in Paris for a given price and had paid an employee of the Paris firm an additional sum for his services in securing and matching the pearls, the sum paid for such services was no part of the market value of the pearls.

The services rendered in the case at bar by the secretary of the Swiss Kennel Club in no way enhanced the value of the dog, nor were such services necessary to put it in condition ready for shipment. Consequently, the amount of the payment for the services rendered is not a part of the value of the dog.

For the reasons stated, I find that the proper basis of value herein is the export value, as defined in section 402 (d). I further find that such export value is 1,050 Swiss Francs, packing included, as invoiced and entered.

Judgment will be entered accordingly.