(A. R. D. 17)

UNITED STATES *v.* NEW YORK MERCHANDISE CO., INC.

Entry No. 760157.

Second Division, Appellate Term

(Decided February 26, 1953)

*Charles J. Wagner*, Acting Assistant Attorney General (*Chauncey E. Wilowski*, special attorney), for the appellant.

*Siegel, Mandell & Davidson.* (*Sidney Mandell* of counsel) for the appellee.

Before LAWRENCE and FORD, Judges

FORD, Judge: This application for a review of the decision and judgment of the trial court (Reap. Dec. 8162) was filed under the provisions of title 28 U. S. C., sec. 2636 (a). The merchandise involved consists of decorated earthenware and porcelain dolls exported from Japan and entered at the port of New York. The only question presented is whether or not a commission of 6 per centum paid by appellee herein to the firm of Strong & Co. in Japan was a *bona fide* buying commission, and, therefore, not part of the value of the merchandise.

. The issue in this case was originally disposed of in *New York Merchandise Co., Inc.* v. *United States*, 19 Cust. Ct. 214, Reap. Dec. 7334, in favor of the contention of the importer, from which decision no appeal was taken. This case is a retrial of the issue involved in the above case. When it was called for trial in the court below, counsel for the importer offered, and there was admitted in evidence, the record in the former case and rested. . The Government offered, and there were admitted in evidence, three special agent's reports, and, upon the record thus made, the case was submitted.

The trial court found that "The decision in the incorporated case established the proper basis of valuation to be the export value, as defined in section 402 (d), Tariff Act of 1930, and that such value was the appraised value, less the buying commission." Counsel for plaintiff in the court below made it abundantly clear that he was attacking no item in the appraised value except that of the 6 per centum commission. The other items of the appraisement, therefore, retain their presumption of correctness. Section 501, Tariff Act of 1930, *United States* v. *Freedman & Slater, Inc.*, 25 C. C. P. A. (Customs) 112, T. D. 49241, and *United States* v. *Fritzsche Bros., Inc.*, 35 C. C. P. A. (Customs) 60, C. A. D. 371.

With reference to the services performed for which the commission was paid, the trial court found as follows:

The testimony in the incorporated case established that the plaintiff therein had entered into a contract with Strong & Co., the shipper of the merchandise there under consideration (plaintiff's exhibit 1 in reappraisement 144622–A), whereby the latter firm was to act for the plaintiff as its agent in Japan and perform the services for which it was to be paid a commission. One of plaintiff's witnesses, a buyer for the importer, testified that he visited Japan and, with a representative from Strong & Co., visited many of the manufacturers of the type of merchandise involved, examined samples, conferred with the manufacturers about prices and quantities, and initiated negotiations for purchases. The particular merchandise there under consideration was purchased from various manufacturers in Japan on reorder by cables to Strong & Co., who paid the manufacturers for the goods, invoiced them to the plaintiff, and then drew on the importer for the money. It also appeared that Strong & Co. provided the plaintiff therein with an office in Japan where books and records were kept and business transacted. The agent also checked the progress of the manufacturer

and the time of delivery of the merchandise. Ultimately, the goods were delivered to the warehouses of Strong & Co. where they were inspected, checked for size and quantity, and compared with samples. Strong & Co. also prepared the merchandise for shipment, arranged for shipping space, and shipped the goods to the plaintiff. For the above services, a commission was paid by the plaintiff to Strong & Co.

The above finding of the trial court is supported by the record in the original case, and since there is nothing in the record as now constituted which would justify a departure from that finding, the same is equally applicable to the present case.

At the trial of the present case, there were offered and admitted as exhibits 1, 2, and 3, reports made by special agents concerning market conditions in Japan at or about the dates of exportation of the involved merchandise. These reports, as well as those offered and admitted in evidence in the original case, deal primarily with the question of controls of this and other merchandise in the markets of Japan. It will be noted, however, that in transmitting one of these reports, "exhibit B," the special agent states as follows:

We are forwarding herewith letters from the Nippon Foreign Trade Promotion Company and the Fibre Manufactures Export Promotion Company which it is believed are self explanatory. It is noted that both letters advise that any articles in the company's regulations which preclude or restrict open market transactions shall not be applicable to transactions to the United States. So far as we can ascertain from the trade, the situation at present is that such merchandise can be freely sold for export to the United States except for the red tape involved and the payment of the control fees. We will endeavor to keep in touch with the situation and report any new developments.

On this phase of the case, the trial court properly observed that "In the present case, the question of the control fees is not in issue." This fact was made clear by counsel for the importer at the original trial of this case, as follows:

* * * Under the heading of "Charges" the invoice contains a number of different items. Several of them are stated to be control fees for various exporter associations in Japan. Then there is another item of commission 6 per cent. Now, that is the item with which we are concerned in this case today. We are not making any point as to these control fees. They may or may not be part of market value, but we are not in position to go into that question at this time. Therefore, our case is limited solely to the question of this commission.

It is clear to us from this record that the only item involved in this case is that of the 6 per centum commission. It is made equally clear by this record that this commission was paid by the importer for the services rendered by an agent in Japan, to wit, Strong & Co., in buying material, receiving goods after they have been manufactured, comparing them with the samples, procuring cases, and attending to the packing and shipping of the involved merchandise. This commission of 6 per centum is clearly a buying commission, and, therefore, a nondutiable item. *Stein* v. *United States*, 1 Ct. Cust.

Appls. 36, T. D. 31007; *United States* v. *Case & Co., Inc.*, 13 Ct. Cust. Appls. 122, T. D. 40958; and *William Krocker* v. *United States*, 25 Cust. Ct. 351, Reap. Dec. 7847.

Upon a full consideration of this record, we find as facts:

1.   That the merchandise involved in this case consists of dolls exported from Japan and entered at the port of New York.

2.   That in the purchase of this merchandise, the importer employed an agent in Japan, Strong & Co., who furnished a man to accompany its buyer to the different manufacturers, later checked the progress of the manufacturer and the time of delivery of the merchandise, saw that the goods were delivered to the warehouses of Strong & Co., where they were inspected, checked for size and quantity, compared with samples, prepared the merchandise for shipment, arranged for shipping space, and shipped the goods to the importer herein.

3.   That for the services specified in finding of fact No. 2, the firm of Strong & Co. was paid a commission of 6 per centum.

4.   That the price at which the involved merchandise was freely offered for sale to all purchasers in the usual wholesale quantities in the principal markets of Japan in the ordinary course of trade is the appraised value, less the 6 per centum commission.

We conclude as matter of law:

1.   That the only item of the appraisement attacked by the importer in this proceeding is the item of 6 per centum commission paid to the firm of Strong & Co.

2.   That all other items of the appraisement not attacked by the importer remain as presumptively correct.

3.   That the item of 6 per centum commission paid to Strong & Co. was a buyer's commission, and, therefore, forms no part of the value of the merchandise.

4.   That the proper export value of the involved merchandise is as set forth in finding of fact No. 4, and there was no foreign value which was higher.

The decision of the trial court is accordingly affirmed.   Judgment will be rendered accordingly.