(A.R.D. 101)

DAN BRECHNER & CO. ET AL. *v.* UNITED STATES

Entry No. 802165, etc.

Second Division, Appellate Term

(Decided February 20, 1959)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the appellants.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: This is an application for review of the decision and judgment of the trial court, Wilson, J., filed under the provisions of title 28, U.S.C., section 2636(a), which sustained the appraised value of the merchandise, *Dan Brechner & Co. et al. v. United States*, 39 Cust. Ct. 607, Reap. Dec. 8949.

There are two questions presented herein for decision, the first being whether certain inland freight and other charges are to be

included as part of the dutiable value. The second question presented for determination is whether certain items, designated on some of the invoices as "selling commission" or "commission," are, in fact, buying commissions and, therefore, not properly part of the dutiable value.

The trial court affirmed the appraised value as found by the appraiser which included the above charges and commissions. The evidence adduced herein as to the manner of purchase is similar to the testimony adduced in an earlier case involving the same importer, *United States* v. *Dan Brechner, Jacob Brechner, Joseph Brechner, Herbert Brechner, a co-partnership doing business under the name and style of Dan Brechner & Co.*, 38 Cust. Ct. 719, A.R.D. 71, wherein this court held the inland charges and buying commissions not to be part of the dutiable value. However, in the instant case, there is a material difference in the evidence. While in both instances the purchase of the merchandise was negotiated with the factory representatives either at the factory or in the witness' hotel room, in the instant case, there is no evidence of what the ex-factory price was and, in addition, the price, terms, and place of shipment were all subject to approval by SCAP (Supreme Commander Allied Powers) and Boeki Cho. These organizations exercised control over the prices tentatively agreed upon as well as the exchange rates applicable to the particular merchandise. Boeki Cho also provided printed contract forms, a copy of which was introduced in evidence as defendant's exhibit A, which, by its terms, required among other things for the purchase of merchandise "* * * f.o.b. ocean vessel, Japanese port * * *."

The trial court relied upon the leading cases involving the inland freight problem, which are *United States* v. *Paul A. Straub & Co., Inc.*, 41 C.C.P.A. (Customs) 209, C.A.D. 553; *United States* v. *Heffernan Paper Co.*, 13 Ct. Cust. Appls. 593, T.D. 41454; *United States* v. *Traders Paper Co. et al.*, 14 Ct. Cust. Appls. 293, T.D. 41909; and *United States* v. *Zellerbach Paper Co.*, 28 C.C.P.A. (Customs) 303, C.A.D. 159. In addition to the foregoing, the case of *Albert Mottola, an individual doing business under the name and style of Atlas Shipping Co.* v. *United States*, 46 C.C.P.A. (Customs) 17, C.A.D. 689, has recently been decided adversely to the importer therein.

In order for appellants to prevail in this matter, it must be established by satisfactory evidence that the merchandise could be purchased at the invoice price, less freight, regardless of where the purchase was made. While the record herein does establish appellants negotiated directly with the factory representatives for the purchase of the merchandise involved herein, there is not a scintilla of evidence of whether the negotiated price was ex-factory and, if so, what the ex-factory price was for the various types and classes of articles covered

by the appeals now under consideration. On the contrary, the evidence establishes that all sales were on an f.o.b. basis, and this was the only manner in which purchase could be made in Japan during this period of time. The test to determine whether the inland freight and other charges are properly part of the dutiable value is not whether the negotiations were directly with the factory but whether the merchandise could be purchased on an ex-factory basis, that is, at this invoice price, less charges.

The invoices in the instant case in all instances, except reappraisement 180521–A, set forth the unit price on an f.o.b. basis which includes the contested charges. In reappraisement 180521–A, the total first cost price is set forth and, under the *Brechner* case, A.R.D. 71, *supra*, it would ordinarily be entitled to appraisement on the basis of invoice price, less charges, if the evidence established the merchandise was or could be purchased at that price at the factory, less the charge. We are of the opinion that the evidence does not establish this necessary factor.

Even if the record did satisfactorily establish an ex-factory price, those appeals which cover merchandise purchased during the period when Boeki Cho and SCAP were in existence could not be entitled to appraisement on the invoice price, less charges. The record clearly establishes that negotiations made during this control period had to be approved by said organizations. The approval included the right to change the price tentatively agreed upon by the parties as well as the rate of currency conversion applicable to the particular merchandise. The additional requirement of sales on an f.o.b. basis, as indicated by the printed contract form supplied by said organization, a copy of which was received in evidence as defendant's exhibit A, militates against appellants' position. If these requirements were imposed by said organizations, it cannot be said that the merchandise was freely offered at a price not including the contested charges. In reappraisement 180521–A, even if it had been established that the merchandise covered thereby was negotiated and purchased at a price not including the involved charges, due to the fact Boeki Cho and SCAP had to approve the negotiations and had the power indicated, *supra*, it could not be considered to be a freely offered price.

The second problem involved herein is the inclusion in the appraised value of the item designated on some of the invoices as "Selling Commission" and claimed to be a buying commission. The law is well settled that a *bona fide* buying commission is not part of the dutiable value of the merchandise, *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T.D. 31007; *United States* v. *Case & Co., Inc.*, 13 Ct. Cust. Appls. 122, T.D. 40958; *William Krocker* v. *United States*, 25 Cust. Ct. 351,

Reap. Dec. 7847. Whether a buying commission is *bona fide* depends, however, upon the facts of each case, *United States* v. *Bauer et al.*, 3 Ct. Cust. Appls. 343, T.D. 32627; *United States* v. *Nelson Bead Co.*, 42 C.C.P.A. (Customs) 175, C.A.D. 590.

Assuming the commission involved herein was a *bona fide* buying commission which was agreed to be paid at the rate of 5 per centum of the factory price, the record is barren of any evidence of what the value or price of the merchandise involved herein was at the factory. The invoices do not assist in this matter, as the invoice unit price includes all the charges, including commission, and do not show first cost and f.o.b. cost, except as indicated, *supra*. In some instances, as indicated, *supra*, the invoices do state that a commission was included in the f.o.b. price. In view of the foregoing and since we are of the opinion the merchandise was not sold on an ex-factory basis, the alleged buying commission must properly form part of the dutiable value.

For the reasons heretofore stated and following the decisions in the *Straub* and *Mottola* cases, *supra*, which we are of the opinion are controlling herein, we hold the inland freight and other contested charges to be part of the value of the subject merchandise.

On the record presented, we find as facts:

1. That the involved merchandise consists of rubber balls and numerous other items, imported from Japan between November 14, 1948, and September 12, 1950.

2. That Boeki Cho and SCAP (Supreme Commander Allied Powers) regulated the price of the merchandise and rate of currency conversion applicable to the merchandise.

3. That, under regulations of Boeki Cho and SCAP (Supreme Commander Allied Powers), all merchandise shipped during the period involved was required to be, and actually was, sold on an f.o.b. Japanese seaport basis.

4. That all sales made after Boeki and SCAP went out of existence during the period involved herein were made on an f.o.b. Japanese seaport basis.

5. That there is no probative evidence of record of any other price for such or similar merchandise.

Accordingly, we conclude as matter of law:

1. That appellants have failed to overcome the presumption of correctness attaching to the appraiser's finding of value.

The decision and judgment of the trial court, therefore, are affirmed.

Judgment will be entered accordingly.