(Reap. Dec. 10874)

HADDAD & SONS, INC. *v.* UNITED STATES

Entry Nos. 766144; 23067.

(Decided December 29, 1964)

*James G. McGoldrick* (*Jerome M. Lynes* of counsel) for the plaintiff.
*John W. Douglas,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the defendant.

WILSON, Judge: In this case two appeals for reappraisement were consolidated for trial. The imported merchandise consists of certain shoes composed of vinyl uppers and rubber soles, exported from Japan by the plaintiff, Haddad & Sons, Inc., in two separate shipments; one from Chuo Chemical Industry Co., Ltd., of Kobe, on or about August 5, 1959, and the other from Hiroshima Rubber Industry Co., Ltd., of Fukuyama, on or about December 27, 1959. It was stipulated between the parties that the proper basis for valuation in each importation is export value, as defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and that no higher foreign value for such or similar footwear existed during the period of the shipments before the court (R. 5). It was also agreed between the plaintiff and the Government that "in the event the export charges as invoiced, such as inland freight, insurance premiums, storages, hauling and lighterages, and petties, are not dutiable items, then the statutory export value is represented by the ex-factory invoiced unit price, plus packing, where packing is not included" (R. 6). The parties also agreed that "It is also stipulated that if the court finds that these charges are part of the dutiable value, that the appraised values represent the correct dutiable values" (R. 6).

The involved statute, so far as applicable, reads as follows:

Section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165:

The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The testimony in the case consists of four documentary exhibits and the oral testimony of Moysh Haddad, secretary-treasurer of the plaintiff corporation.

Plaintiff's exhibit 1 is a memorandum from The Tosho Co., Ltd., Tokyo, Japan, to Haddad & Sons, Inc., New York City, covering the purchase of vinyl shoes from Chuo Chemical Industry Co., Ltd., Kobe, Japan. A memorandum covering the same transaction was received in evidence as plaintiff's exhibit 2.

Plaintiff's exhibit 3, dated November 2, 1959, is a memorandum of purchase from The Tosho Co., Ltd., covering a transaction made by the plaintiff herein with Hiroshima Rubber Industry Co., Ltd., Fukuyama, Japan.

Plaintiff's exhibit 4 is an affidavit of Yasuo Namekawa, president of The Tosho Co., Ltd. The affiant, who stated that he had personal knowledge of all the business affairs of that company, testified as to the relationship of his company with that of the plaintiff corporation. In substance, Mr. Namekawa stated that his company acts as agent in the purchase of products of Japanese manufacture; The Tosho Co., Ltd., has represented Haddad & Sons, Inc., since February 1951, as such agent, performing various services including that of making contacts with the sellers and that of shipping agent, for which services The Tosho Co. received "a compensation of five per cent of the total ex-factory price of Japanese goods purchased by Haddad & Sons, Inc." In the latter connection, Mr. Namekawa stated that, other than the commercial relationship above noted, there was no financial relationship or any other relationship between The Tosho Co., Ltd., and Haddad & Sons, Inc. Mr. Namekawa further stated that The Tosho Co., Ltd., has no financial relationship with any of the sellers and manufacturers in question and did not receive from said sellers any moneys other than the amounts agreed to be paid to the sellers by the purchaser, Haddad & Sons, Inc.

Mr. Moysh Haddad testified on behalf of the plaintiff that as Far East buyer for Haddad & Sons, the importer herein, he purchased the merchandise under consideration in Japan; that, at the time of said purchases, The Tosho Co., Ltd., acted as agent for his company, rendering certain services. These services included acting

as interpreter in the negotiations, the preparation of documents and memoranda of purchases made by Mr. Haddad on behalf of the plaintiff corporation, the handling of inspection of the merchandise and deliveries, as well as shipping services and other arragements, and payment for the goods using funds supplied by the importer under a letter of credit covering a number of purchase transactions. Mr. Haddad further testified that he negotiated as to the purchase price of the merchandise and that the price was the price of the merchandise bought in yen at the factory (R. 11–14). The testimony further discloses that the importations at bar were invoiced at the prices agreed to be paid by Haddad & Sons, Inc., to the two foreign sellers for delivery at the respective factories. The invoices likewise set forth various charges incurred by the importer relative to transportation of the merchandise from the factory locations to the port of exportation, insurance, storage, and including a buying commission paid to the Japanese agent for services rendered (R. 15). Commissions to the agent were to be deducted from the funds represented by the letter of credit (R. 19). The witness further stated that his company did not authorize the agent, The Tosho Co., Ltd., to pay the sellers a greater amount than the invoiced unit price, and that the agent did not represent the seller in the transactions (R. 29).

On cross-examination, plaintiff's witness testified that he never gave a manufacturer a written order; that plaintiff's exhibit 3 was not an order but merely represented a sales number (R. 37). He further testified that the letter of credit heretofore referred to was made payable to The Tosho Co., Ltd.; that the insurance is payable to the manufacturer for any loss of the merchandise in transit from the factory to the ship; and, further, that the inland freight charges are handled by the agent, The Tosho Co., Ltd. (R. 42–45).

The only issue in this case is whether or not the involved merchandise was freely sold at an ex-factory price. If it was, then the appraiser's action in adding the invoiced inland freight and export charges to the invoiced unit prices was improper. See *United States* v. *Paul A. Straub & Co., Inc.*, 41 CCPA 209, C.A.D. 553, and *Albert Mottola, etc.* v. *United States*, 46 CCPA 17, C.A.D. 689. Also, we have for determination whether or not a certain charge or commission paid by the importer to its agent in Japan was properly a part of the value of the goods. There is nothing in the record to establish that The Tosho Co., Ltd., was the seller of the involved merchandise.

It is well established that an appellant may rely in some respects upon the correctness of the valuation made by the appraiser and challenge other parts of the appraisement. *United States* v. *Fritzsche Bros., Inc.*, 35 CCPA 60, C.A.D. 371. The appraiser, in this case, accepted the ex-factory unit prices and added certain charges to make the appraised value. Accordingly, the presumption of correctness

attaching to the invoiced ex-factory prices, specifically that such prices are in accord with the statutory requirements, stands.

The crux of this case is factual. I am of the opinion that the record establishes that the sellers of the merchandise were the manufacturers and that the purchaser was Haddad & Sons, Inc., the plaintiff herein. Further, the proof establishes that, as a matter of fact, all of the involved merchandise was purchased at ex-factory prices and that the added items were no part of the prices or value of the goods but were part of the costs to the importer of getting the goods from the place of manufacture aboard the respective ships for transportation to the United States. Further, the evidence amply supports the contention of the plaintiff that The Tosho Co., Ltd., was not the seller of the merchandise to the importer in either instance but clearly was the agent of the importer.

The law is well established that inland freight charges are not to be included in export value, if the merchandise can be purchased in the principal markets at a price which does not include such charges. *Albert Mottola* v. *United States, supra*. There is nothing in the record herein which establishes that the charges added by the appraiser were a part of the purchase price.

With respect to the commission paid to its agent in Japan by the plaintiff herein, the record establishes that The Tosho Co., Ltd., the shipper of the goods, was the buying or shipping agent of the importer and that the 5 per centum buying commission paid by the importer to the agent represented compensation for services rendered. Such buying commission constitutes no part of the value of the merchandise for appraisement purposes. *United States* v. *Case & Co., Inc.*, 13 Ct. Cust. Appls. 122, T.D. 40958. *United States* v. *Dan Brechner et al.*, 38 Cust. Ct. 719, A.R.D. 71, affirming *Dan Brechner et al.* v. *United States*, 36 Cust. Ct. 612, Reap. Dec. 8599.

On the basis of the record here presented, I find as facts:

1. That the involved merchandise consists of certain footwear, exported from Japan on or about August 5, 1959, and December 27, 1959.

2. That the merchandise was appraised on the basis of export value, as defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, the merchandise concededly being on the final list, T.D. 54521.

3. That, at the time of the exportation of said merchandise, there existed no higher foreign value for such or similar merchandise.

4. That the involved merchandise was freely sold and purchased at the invoiced unit ex-factory prices per dozen pairs of shoes.

5. That certain charges added by the appraiser herein to the entered value formed no part of the value of the goods.

6. That, in the purchase of said merchandise, the importer herein employed as agent The Tosho Co., Ltd., which performed certain serv-

ices for which a commission was paid to said agent, said amount not being paid to the sellers of the merchandise.

I conclude as matters of law:

1. That export value, as that is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the merchandise in question.

2. That such export value is the entered value in each case.

Judgment will be rendered accordingly.