(Reap. Dec. 9962)

RANDBUR Co. *v.* UNITED STATES

Entry Nos. 797552; 857889; 823204.

(Decided April 4, 1961)

Plaintiff not represented by counsel.

*William H. Orrick, Jr.*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

OLIVER, Chief Judge: These three appeals for reappraisement, all of which were consolidated for trial by consent of the parties, involve certain cigarette lighters, exported from Japan and entered at the port of New York.

As the case was presented, it appears that there is no dispute in the *per se* values of the articles in dispute. The sole question before me is whether an item of commission included in the appraised value of the merchandise is, in fact, a buying commission, as claimed by plaintiff. If so, it is not part of the dutiable value of the merchandise and, hence, a nondutiable item. Taking this approach, I recognize the well-established principle that when, as here, only one item of an appraisement is challenged, the presumption of correctness as to all others is not destroyed, and, therefore, they stand as presumptively correct. *United States* v. *Fritzsche Bros., Inc.*, 35 C.C.P.A. (Customs) 60, C.A.D. 371.

The importer, an individual doing business under the name of Randbur Co., plaintiff herein, testified as follows:

* * * the merchandise was bought directly from the maker only through an agent, who has to ship it, who has to deal with us because the maker is incapable to keep up correspondence in English and to go along with us. So we always do all our Japanese business through an agent who we appoint to do this for us.

We pay for this special commission, usually between 7 and 10 per cent, all depends what kind of merchandise. In this particular case I had an agreement with Yoshinaga & Co., who was our agent, to give him 7½ per cent for all the dealings of merchandise which they offered us.

Support for the witness' oral testimony appears in an agreement (plaintiff's exhibit 1) between the foreign exporter and the plaintiff herein. Under the terms of the agreement, the foreign exporter visited Japanese manufacturers and reported regularly to plaintiff concerning conditions in the Japanese market, collecting samples that were submitted to plaintiff, and quoting prices that always included "buying commission and other charges." The agreement further provides that the foreign exporter, pursuant to instructions from plaintiff, shall place orders with the Japanese manufacturers, inspect the merchandise, and arrange for their exportation. For such services, the foreign exporter, as provided in the agreement, "will be entitled to buying commission 8%."

Defendant's evidence is a report, prepared by the supervising customs attaché in Tokyo, Japan (defendant's collective exhibit A). Information therein, that is pertinent to the present issue, is to the effect that Yoshinaga & Co., plaintiff's foreign exporter, is not a manufacturer of cigarette lighters, that said Yoshinaga & Co. acts "as a seller or as a 'buying agent,'" that the ordinary practice of the foreign exporter is to place orders with Japanese manufacturers upon receipt thereof from American importers, and that such an arrangement is not exclusive with any particular American importer.

Whether or not an item is a buying commission is dependent on the facts in each particular case. *United States* v. *Bauer et al.*, 3 Ct. Cust. Appls. 343, T.D. 32627. Judicial authorities are consistent to the effect that a charge for services associated with the purchase of merchandise in the foreign market, and which is not an amount that inures to the benefit of the seller, is a buying commission, which, although affecting the cost of goods to the importer, is not part of the market value for tariff purposes. *United States* v. *Case & Co., Inc.*, 13 Ct. Cust. Appls. 122, T.D. 40958; *United States* v. *Alfred Kohlberg, Inc.*, 27 C.C.P.A. (Customs) 223, C.A.D. 88; *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T.D. 31007.

The weight of the evidence herein, as heretofore outlined, establishes that the services rendered by the foreign exporter on behalf of plaintiff were those of a buying agent, associated with the purchase of the merchandise in question. While the amount of such item adds to the cost of the merchandise to plaintiff, it is, in fact, a *bona fide* buying commission, none of which inures to the manufacturer, and, as such,

does not enter into the dutiable value of the merchandise. *United States* v. *Nelson Bead Co.*, 42 C.C.P.A. (Customs) 175, C.A.D. 590.

I find, as matter of fact, that the merchandise in question consists of certain cigarette lighters exported from Japan and entered at the port of New York, that the present merchandise was bought through the foreign exporter who acted as buying agent for plaintiff, and that, for such services associated with the purchase of the articles in question, the buying agent (foreign exporter) received a commission.

Accordingly, I hold as matter of law that the dutiable value of this merchandise does not include the item identified on the invoices covered by the entries involved herein, either as a buying commission or as "commission."

Judgment will be rendered accordingly.