(A.R.D. 146)

UNITED STATES v. RANDBUR CO.

Entry Nos. 797552; 823204; 857889.

Second Division, Appellate Term

(Decided June 19, 1962)

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the appellant.

Appellee not represented by counsel.

Before LAWRENCE, RAO, and FORD, Judges; FORD, J., dissenting

LAWRENCE, Judge: This is an application for review of the decision and judgment of the trial court, reported as *Randbur Co.* v. *United States*, 46 Cust. Ct. 646, Reap. Dec. 9962, covering the three

appeals for a reappraisement which were consolidated for purposes of trial and are enumerated in the schedule attached to and made part of the decision herein.

The involved merchandise consists of certain cigarette lighters, exported from Japan between September and December 1956, and entered at the port of New York. The merchandise was appraised at the invoice unit values, packed, plus certain so-called buying commission and other buying charges. The essence of the Government's application for a review of the decision below is that the court erred in holding that a buying commission did not form part of the dutiable value of the instant merchandise.

The evidence, upon which the trial judge based his decision, is contained in the following excerpts from the opinion—

The importer, an individual doing business under the name of Randbur Co., plaintiff herein, testified as follows:

* * * the merchandise was bought directly from the maker only through an agent, who has to ship it, who has to deal with us because the maker is incapable to keep up correspondence in English and to go along with us. So we always do all our Japanese business through an agent who we appoint to do this for us.

We pay for this special commission, usually between 7 and 10 per cent, all depends what kind of merchandise. In this particular case I had an agreement with Yoshinaga & Co., who was our agent, to give him 7½ per cent for all the dealings of merchandise which they offered us.

Support for the witness' oral testimony appears in an agreement (plaintiff's exhibit 1) between the foreign exporter and the plaintiff herein. Under the terms of the agreement, the foreign exporter visited Japanese manufacturers and reported regularly to plaintiff concerning conditions in the Japanese market, collecting samples that were submitted to plaintiff, and quoting prices that always included "buying commission and other charges." The agreement further provides that the foreign exporter, pursuant to instructions from plaintiff, shall place orders with the Japanese manufacturers, inspect the merchandise, and arrange for their exportation. For such services, the foreign exporter, as provided in the agreement, "will be entitled to buying commission 8%."

Defendant's evidence is a report, prepared by the supervising customs attaché in Tokyo, Japan (defendant's collective exhibit A). Information therein, that is pertinent to the present issue, is to the effect that Yoshinaga & Co., plaintiff's foreign exporter, is not a manufacturer of cigarette lighters, that said Yoshinaga & Co. acts "as a seller or as a 'buying agent,'" that the ordinary practice of the foreign exporter is to place orders with Japanese manufacturers upon receipt thereof from American importers, and that such an arrangement is not exclusive with any particular American importer.

Predicated on the weight of evidence, the court below held that the services rendered by the foreign exporter on behalf of appellee were those of a buying agent and that the commission paid to said foreign exporter was a *bona fide* buying commission, none of which inures to the manufacturer, and did not form a part of the dutiable

value of the cigarette lighters in controversy. Citing *United States* v. *Nelson Bead Co.*, 42 C.C.P.A. (Customs) 175, C.A.D. 590.

Nothing contained in the brief of appellant persuades us to depart from the conclusion reached by the trial judge. Accordingly, we adopt the findings of fact and conclusions of law of the court below and affirm its decision and judgment.

Judgment will issue accordingly.

### DISSENTING OPINION

FORD, Judge: The majority, in affirming the trial court's decision, have found that the commission paid to the foreign exporter was, in fact, a *bona fide* buying commission.

On the basis that the only question before this court on appeal is one involving buying commission and following the rule in the case of *United States* v. *Fritzsche Bros., Inc.*, 35 C.C.P.A. (Customs) 60, C.A.D. 371, that a party may challenge the correctness of a portion of the appraisement, where said appraisement is separable and where it does not disturb the remainder of the appraisement not challenged, the burden rests upon the importer herein to establish not only the incorrectness of the appraisement but the correctness of its contention that the buying commission was, in fact, *bona fide*.

It is a well-established principle of law that a buying commission is not part of the dutiable value of merchandise if the merchandise could be purchased in the ordinary course of trade without the payment of said commission. *Batten* v. *United States*, 5 Ct. Cust. Appls. 447, T.D. 34975. The importer herein has offered in evidence as plaintiff's exhibit 1, an agreement, which, on its face, authorizes Yoshinaga & Co., Ltd., to act as buying agent for the importer herein. This evidence falls short of establishing that the involved merchandise, "Omega" lighters, could be purchased from the manufacturer without the addition of a buying commission. In addition thereto and in support of the appraisement, is the report of the Treasury agent, defendant's collective exhibit A, relating to the partial ownership of the trademark "Omega" by Yoshinaga & Co., Ltd. Since Yoshinaga is the partial owner of the trademark "Omega," and defendant's collective exhibit A indicates that the trademark is registered with the Japanese Government, and it further appearing that the merchandise bearing said trademark could not be sold at home or for export without the permission of the owner, it naturally follows that "Omega" lighters must be purchased through one of the owners of said trademark. There is no evidence contained in the record herein which establishes that the involved merchandise could be purchased from Yoshinaga & Co., Ltd., or one of the other owners of the trademark, without payment of the buying commission. On

the contrary, the record establishes that Yoshinaga & Co., Ltd., and the other owners of the trademark have complete control as to who may purchase "Omega" lighters. This appears to be confirmed by plaintiff's collective exhibit 5, wherein the importer herein requested from his so-called agent the exclusive right for the sale of these lighters.[1]  Accordingly, the record herein completely contradicts the apparent agreement of the importer and Yoshinaga & Co., Ltd., wherein the latter was designated as buying commissionaire.  What the party designates himself in an agreement is not controlling.

Based upon the foregoing, I would reverse the decision of the trial court and find the appraised value to be the proper dutiable value of the involved merchandise, since the importer herein has failed to overcome the presumption of correctness attaching to the value found by the appraiser.

---

[1] "We feel we can develop a good business on the lighters and even more if you would confine the OMEGA brand exclusive to us alone."