(Reap. Dec. 10888)

MANHATTAN NOVELTY CORP. *v.* UNITED STATES

Entry No. 956736.

(Decided January 27, 1965)

*Lane, Young & Fox* (*William Whynman* and *William H. Fox* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Glenn E. Harris,* trial attorney), for the defendant.

FORD, Judge: The appeal for reappraisement listed above covers the shipment of transistor radios and walkie-talkies, exported from Japan, and appraised on the basis of export value at the invoice unit prices, plus various charges for inland freight, hauling and lighterage, storage, petties, and a buying commission of $231.15. The buying commission is the only item in dispute as plaintiff accepts and does not challenge the other charges.

The record herein establishes that Hiraoka & Co., Ltd., was the buying agent for plaintiff pursuant to an agreement dated October 1, 1961, which was received in evidence as plaintiff's exhibit 1; that for the services rendered Hiraoka & Co., Ltd., was to receive a flexible commission of from 5 percent to 10 percent, the exact amount to be determined by mutual agreement in each particular transaction. The record further establishes that Hiraoka & Co., Ltd., acted at all times as buying agent and never sold merchandise for its own account to plaintiff herein.

It is well-settled law that a *bona fide* commission is a nondutiable item and consequently not a part of export value as such value is defined by statute. *Stein* v. *United States,* 1 Ct. Cust. Appls. 36, T.D. 31007; *United States* v. *Case & Co., Inc.,* 13 Ct. Cust. Appls. 122, T.D. 40958; *Randbur Co.* v. *United States,* 46 Cust. Ct. 646, Reap. Dec. 9962. Whether a buying commission is *bona fide* depends upon the

facts of each case. *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590. The evidence herein establishes that the merchandise was purchased through a commissionaire who pursuant to an agreement acted on behalf of the importer.

Counsel for the defendant concedes there is no substantial conflict between the manner of purchase of the involved merchandise as outlined by Mr. Flomenhaft in his testimony and exhibit 1. Accordingly, defendant considers the present case ruled by the principle and authorities cited, *supra*. *United States* v. *Gitkin Co.*, 46 Cust. Ct. 788, A.R.D. 132.

Based upon the record and following the authorities cited, *supra*, the court makes the following findings of fact:

1. That the imported merchandise consists of transistor radios and walkie-talkies, exported from Japan, and appraised on the basis of export value at the unit invoice price, plus various charges including the buying commission of $231.15.

2. That the only item challenged by the importer and raised on appeal is as to the buying commission.

3. That Hiraoka & Co., Ltd., acted as buying agent for plaintiff and said plaintiff agreed to pay said company a buying commission.

The court, therefore, concludes as matters of law:

1. That the proper basis for appraisement is export value under section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

2. That said export value is the unit invoice price, plus charges for inland freight, hauling and lighterage, storage, and petties.

Judgment will issue accordingly.