(Reap. Dec. 10906)

## MANHATTAN NOVELTY CORP. *v.* UNITED STATES

Entry No. 817735.

(Decided March 4, 1965)

*Lane, Young & Fox* (*William Whynman* and *William H. Fox* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

FORD, Judge: The merchandise covered by this appeal consists of certain transistor radio sets, manufactured in Japan and entered at the ex-factory invoice price, plus export packing. The merchandise was appraised on the basis of export value, as said value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, at $3.20 each, plus items marked "X." The items marked "X" consist of the following:

Ex-factory _____ U.S. $9,600.00
Buying commission 5% on ex-factory amount_____ 480.00
Export packing charges_____ 69.00
Shipping charges_____ 51.00

The marking of "X" to include the ex-factory figure was obviously an error on the part of the appraiser, which is conceded by defendant in its brief. Plaintiff herein has limited its appeal to the "buying

commission" and does not contest the basis of appraisement or the inclusion of other charges.

It is the contention of the importer that said charge is a *bona fide* buying commission and, as such, nondutiable under the principles set forth in *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T.D. 31007; *United States* v. *Case & Co.*, 13 Ct. Cust Appls. 122, T.D. 40958; and *Randbur Co.* v. *United States*, 46 Cust. Ct. 646, Reap. Dec. 9962.

Whether a buying commission is *bona fide* depends upon the facts in each case. *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590. The record herein establishes that an agreement was entered into by and between plaintiff corporation and Pacific Sales Corp. A copy of said agreement, dated September 20, 1960, was received in evidence as plaintiff's exhibit 1. Said agreement provides for said Pacific Sales Corp. to act as buying agent for plaintiff, to visit manufacturers, to collect samples, and submit samples to plaintiff, quoting prices. In addition thereto, upon instructions, Pacific Sales Corp. was required to place orders with manufacturers, inspect the merchandise, and arrange for shipment, for which it was to be paid a commission of 7½ per centum.

The testimony of Nathan Flomenhaft establishes that his company employed Pacific Sales Corp. to act as buying agent in the purchase of the imported radios; that, while the agreement provided for a 7½ per centum commission, due to competition, Pacific Sales Corp. had verbally agreed to accept a smaller commission on this transaction. In the instant case, the commission set forth on the invoice is 5 per centum.

Since this merchandise was appraised on an invoice unit price, plus various charges marked "X," said appraisement is severable and, under the principles established in *United States* v. *Fritzsche Bros., Inc.*, 35 CCPA 60, C.A.D. 371; *United States* v. *Freedman & Slater, Inc.*, 25 CCPA 112, T.D. 49241; *United States* v. *Schroeder & Tremayne, Inc.*, *James H. Rhodes & Co.*, 41 CCPA 243, C.A.D. 558; and *United States* v. *Dan Brechner et al.*, 38 Cust. Ct. 719, A.R.D. 71, an appealing party may challenge any one or more of the items entering into an appraisement while relying upon the presumption of correctness of the appraiser's return with respect to all other items.

Since the appraisement was severable, it was incumbent upon plaintiff herein to establish that a *bona fide* buying commission existed. The only evidence adduced herein is the agreement between the commissionaire and plaintiff company and the testimony of Mr. Nathan Flomenhaft that Pacific Sales Corp. was his company's commissionaire. There is no evidence to establish that, in this instance, Pacific Sales Corp. followed the procedures outlined in the agreement, nor is there any evidence to establish the fact that Pacific Sales Corp. did

not act as seller of its own merchandise or that no payment was made by the manufacturer to Pacific Sales Corp.

Accordingly, the evidence is insufficient to establish that a *bona fide* buying commission arrangement existed between the parties. Plaintiff has, therefore, failed to overcome the presumption of correctness attaching to the action of the appraiser.

I, therefore, find as matters of fact:

1. That the involved merchandise consists of transistor radios, exported from Japan.

2. That the instant merchandise was appraised on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, at the invoice unit price, plus a buying commission, export packing charges, and shipping charges.

3. That plaintiff has failed to overcome the presumption of correctness attaching to the action of the appraiser.

Accordingly, I conclude as matters of law:

1. That the instant merchandise is properly dutiable on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

2. That such value is the appraised unit value thereof.

Judgment will be rendered accordingly.

---

**REHEARING MOTION DENIED**