(R.D. 11510)

Manhattan Novelty Corp. *v.* United States

Entry No. 817735.

(Decided on rehearing [R.D. 10906] April 11, 1968)

*Lane, Young & Fox (James G. McGoldrick* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General *(Bernard J. Babb,* trial attorney), for the defendant.

Ford, Judge: This case was the subject of decision in *Manhattan Novelty Corp.* v. *United States,* 54 Cust. Ct. 528, R.D. 10906, which decision and judgment was set aside and the case restored for all purposes in *Same* v. *Same,* 54 Cust. Ct. 636, R.D. 10964. The merchandise consists of transistor radios exported from Japan, appraised on the basis of export value as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

Plaintiff does not contest the basis of appraisement nor any portion thereof except the inclusion in the dutiable value of a 5 percent buying commission. In my original opinion, I held the appraisement involved herein to be separable under the principles established in *Stein* v. *United States,* 1 Ct. Cust. Appls. 36, T.D. 31007; *United States* v. *Case & Co., Inc.,* 13 Ct. Cust. Appls. 122, T.D. 40958; and *Randbur Co.* v. *United States,* 46 Cust. Ct. 646, R.D. 9962. The importer could, therefore, rely upon the presumption of correctness attaching to the appraiser's return with respect to all elements of appraisement except the item contested.

As to the question of a buying commission, I held, in my original opinion, *supra,* that whether such commission was a *bona fide* one depended upon the facts in each case. Citing, *United States* v. *Nelson Bead Co.,* 42 CCPA 175, C.A.D. 590.

The record as originally made was summarized in R.D. 10906, *supra,* as follows:

\* \* \* The record herein establishes that an agreement was entered into by and between plaintiff corporation and Pacific Sales Corp. A

copy of said agreement, dated September 20, 1960, was received in evidence as plaintiff's exhibit 1. Said agreement provides for said Pacific Sales Corp. to act as buying agent for plaintiff, to visit manufacturers, to collect samples, and submit samples to plaintiff, quoting prices. In addition thereto, upon instructions, Pacific Sales Corp. was required to place orders with manufacturers, inspect the merchandise, and arrange for shipment, for which it was to be paid a commission of 7½ per centum.

I concluded, based upon the record as originally made, as follows:

* * * There is no evidence to establish that, in this instance, Pacific Sales Corp. followed the procedures outlined in the agreement, nor is there any evidence to establish the fact that Pacific Sales Corp. did not act as seller of its own merchandise or that no payment was made by the manufacturer to Pacific Sales Corp.

Accordingly, the evidence is insufficient to establish that a *bona fide* buying commission arrangement existed between the parties. Plaintiff has, therefore, failed to overcome the presumption of correctness attaching to the action of the appraiser.

On rehearing, an affidavit of K. Susumu Okamura, the president of Pacific Sales Corp., was received in evidence as plaintiff's exhibit 2. The affiant, after identifying the agreement and the terms, stated that his corporation acted solely as a buying agent for plaintiff in connection with the instant importation; that his commission was verbally reduced from 7½ percent to 5 percent of the ex-factory price due to market conditions; that no part of its commission was paid to the manufacturer of the transistor radios nor did the manufacturer pay anything to Pacific Sales Corp. in connection with the sale of the involved radios, and that Pacific Sales Corp. was not the owner of the radios involved in this importation.

Defendant contends the affidavit, plaintiff's exhibit 2, is insufficient to establish a *bona fide* buying commission since the date of shipment was some 10 days after the date of the agreement, and the commercial invoice contains a statement relative to the fact that payment was made for such radios from a letter of credit issued a little over 2 months prior to the buying agreement. Defendant also contends that a mere statement by the affiant that his company complied with the terms of the agreement rather than setting forth the acts that were actually performed is conclusory and should be given little or no weight by the court under the principles in *Brooks Paper Company* v. *United States*, 40 CCPA 38, C.A.D. 495.

I am of the opinion that plaintiff has sustained its burden of proof, notwithstanding the circumstances referred to above. Pacific Sales Corp. not only appears to be a *bona fide* buying agent but has, to my satisfaction, complied with the terms of the agreement. The evidence also establishes that no part of the purchase price inured to the benefit

of the commissionaire and said radios were not owned by Pacific Sales Corp.

I, therefore, find as matters of fact:

1. That the involved merchandise consists of transistor radios exported from Japan.

2. That the instant merchandise was appraised on the basis of export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, at the invoiced unit prices, plus buying commission, export packing charges, and shipping charges.

3. That the appraisement involved herein was separable.

4. That, in the purchase of said merchandise, the importer employed as its agent, Pacific Sales Corp., which performed the required services and was compensated therefor for the amount of the invoiced buying commission, no part of which inured to the benefit of the seller of the merchandise.

I, therefore, conclude as matters of law:

1. That the instant merchandise is properly dutiable on the basis of export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

2. That such export value is the appraised value, less the proportionate part of the invoiced buying commission.

Judgment will be entered accordingly.