(R.D. 11648)

MANHATTAN NOVELTY CORP. *v.* UNITED STATES

Entry No. C–12317, etc.

(Decided March 27, 1969)

*Lane, Young & Fox* (*James G. McGoldrick* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Arthur E. Schwimmer* and *Arthur H. Steinberg*, trial attorneys), for the defendant.

FORD, Judge: The seven appeals for reappraisement, consolidated herein, cover transistor radios and parts which were exported from Japan between May 31, 1960 and April 15, 1961. The merchandise was appraised on the basis of export value as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165. As is clear from the testimony of the customs examiner who passed on these importations and whose recommendations were adopted by the appraiser, the appraised value per unit arrived at was a sum consisting of proportional elements of ex-factory price, inland freight and insurance, hauling and lighterage, storage, usual petties and buying commission; all of which were separately itemized on the invoice. Plaintiff challenges only the inclusion of the amount designated as buying commission and accepts the remaining portion of the appraisement.

The parties to these transactions as defined by the plaintiff and as listed on the invoices and shipping documents are as follows: The manufacturers and sellers are Toho Denki Seiki K.K. and Akabane

Musen K.K. of Tokyo, the shipper and purported buying agent is Hiraoka & Co., Ltd., of Tokyo, and the buyer and importer is Manhattan Novelty Corp. of New York.

The record herein consists of the oral testimony of Mr. Nathan Flomenhaft, president of Manhattan Novelty Corp., and Mr. James J. Scott, the aforementioned customs examiner. In addition, three pieces of documentary evidence were introduced by plaintiff, as its exhibit 1, an affidavit of one Eiji Miyake, a director and manager of the second sales department of Hiraoka & Co., Ltd., as exhibit 2, an agreement dated March 1, 1960, between Manhattan Novelty and Hiraoka, and as exhibit 3, a photostat of an agreement dated October 1, 1961, between the same parties.

Mr. Flomenhaft testified that the merchandise involved herein was purchased from the manufacturers by Hiraoka & Co., Ltd., acting as an agent for Manhattan Novelty pursuant to an agreement of March 1, 1960. This agreement, placed in evidence as plaintiff's exhibit 2 provides that Hiraoka shall visit Japanese manufacturers, collect and submit samples to Manhattan Novelty, quote prices at which goods could be purchased in United States dollars f.o.b. Japanese port, place orders with the manufacturers, upon instructions, inspect merchandise and arrange shipment, for which services Manhattan Novelty would pay a 5 percent buying commission against "first cost."

Mr. Flomenhaft testified further that with regard to the merchandise herein which was ordered from Toho Denki Seiki, an additional 1 percent of buying commission was paid to Hiraoka due to the fact that the particular merchandise was obtained in difficult circumstances pursuant to a special order which had to be filled within a certain time. The witness stated that the services performed by Hiraoka included seeking out manufacturers, negotiating prices, inspecting merchandise, supervising deliveries, and arranging shipping. The witness explained that the purpose of requiring Hiraoka to transmit the price of the merchandise f.o.b. (including commission) as well as the price ex-factory was to enable Manhattan to use the former as a basis for quoting correct and competitive prices to its customers and thus resell and commit itself to deliver prior to actually receiving the merchandise. Mr. Flomenhaft testified further that the new buying agreement which was entered into between the parties on October 1, 1961, provided for a flexible commission of 5 to 10 percent to be worked out between the parties. This agreement, though placed in evidence as plaintiff's exhibit 3, does not cover the instant importations. It was, however, the agreement in effect during other similar dealings between the parties which resulted in my decision in *Manhattan Novelty Corp.* v. *United States*, 54 Cust. Ct. 491, Reap. Dec. 10888.

The affidavit of Eiji Miyake, a director of Hiraoka & Co., Ltd., introduced in evidence as plaintiff's exhibit 1, substantially conforms,

in its description of the relationship between Manhattan Novelty and Hiraoka, to that which has been previously detailed in Mr. Flomenhaft's testimony. In addition, the deponent recites that Hiraoka received no fee from the sellers, did not share its commission with them, and was not the owner of the merchandise in question.

The record herein establishes that the inclusion of the buying commission in the appraised value is the separable and identifiable item of dispute. Furthermore, I am of the opinion that the record supports a finding that the commission in question is a *bona fide* buying commission in accordance with settled law on the subject. *Stein* v. *United States*, 1 Ct. Cust. Appls. 36, T.D. 31007; *United States* v. *Case & Co., Inc.*, 13 Ct. Cust. Appls. 122, T.D. 40958; *Randbur Co.* v. *United States*, 46 Cust. Ct. 646, Reap. Dec. 9962; *Shalom Baby Wear, Inc.* v. *United States*, 62 Cust. Ct. 856, Reap. Dec. 11641 (R61/24016, etc.).

Defendant contends that plaintiff's proof herein is deficient in two respects; first, that plaintiff failed to produce any correspondence, orders, confirmations of orders, letters of credit, checks or manufacturers' invoices which would prove the carrying out of the buying agency agreement and second, that plaintiff must still show that the price less the buying commission is the price at which such merchandise is freely sold in the ordinary course of trade. Defendant cites, in support of the second contention, the decisions in *B & W Wholesale Co., Inc.* v. *United States*, 58 Cust. Ct. 728, Reap. Dec. 11311 (application for review pending), and *Park Avenue Imports* v. *United States*, 60 Cust. Ct. 750, Reap. Dec. 11468 (application for review pending).

Regarding defendant's first point, I am of the opinion that such elements of proof as demanded are unnecessary to prove the *bona fides* of a buying commission where, as here, plaintiff has, by the uncontradicted testimony of the importer, by affidavit of the agent, and by the agreement governing the parties, established a *prima facie* case. Plaintiff's proof herein, as previously summarized, adequately supports the existence of the buying agency. *United States* v. *Case & Co., Inc., supra.*

Defendant's contention that plaintiff herein must prove that the instant merchandise was freely sold in the ordinary course of trade at a price which did not include the buying commission is incorrect. When the separable issue of buying commission has been determined and it has been found that the commission was *bona fide*, the presumptions which attach to the appraiser's actions remain in full force and effect with regard to the value which remains when the buying commission is deducted. This is well established in customs law. *United States* v. *Fritzsche Bros., Inc.*, 35 CCPA 60, C.A.D. 371. My decision in *B & W Wholesale Co., Inc.* v. *United States, supra*, is clearly distinguishable. In that case, plaintiff was contending for

the ex-factory price as the value of the merchandise. This called for the elimination from appraised value not only of the buying commission, but also of the inland charges. It is obvious that if one finds that inland charges were not part of the price of the goods *in question*, the possibility remains that such goods are nevertheless normally and in the ordinary course of trade sold by the manufacturer at a price which includes such charges. The inclusion of inland charges is within the sphere of influence of the manufacturer and the price in issue may be the result of a special arrangement between buyer and seller. Therefore, it is proper in such an instance to demand proof that the price which does not include inland charges is a freely offered price. See *United States* v. *Gitkin Co.*, 46 Cust. Ct. 788, A.R.D. 132; *United States* v. *Supreme Merchandise Company*, 48 Cust. Ct. 714, A.R.D. 145.

However, when one eliminates only buying commission from a value, there remains no possibility that the price at which the manufacturer freely offers his goods is one which includes such commission since by definition the buying commission is found to be something outside the control of the seller. The highest price at which he can legally freely offer the goods in question is the value found by the appraiser less the buying commission. Thus the presumption remains undisturbed that the indicia of export value are present in such a case with regard to the appraised value less the buying commission. I do not consider the decision in *Park Avenue Imports* v. *United States*, *supra*, to be a controlling precedent.

Based upon the record herein and in accordance with the legal precedents discussed, I make the following findings of fact:

1. That the imported merchandise consists of transistor radios and parts, exported from Japan between May 31, 1960, and April 15, 1961.

2. That the merchandise was appraised on the basis of export value as defined in section 402(b), Tariff Act of 1930, as amended.

3. That sums designated on the invoice as buying commission were included in the value found by the appraiser, and the genuineness of such commissions is the only claim made by plaintiff.

4. That Hiraoka & Co., Ltd., acted as a buying agent for the plaintiff in connection with the merchandise covered by these appeals for reappraisement.

I therefore conclude as matters of law:

1. That the proper basis for appraisement herein is export value as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

2. That said export value is the appraised value less the buying commission.

Judgment will issue accordingly.